SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:   (617) 994-5801

*Attorneys for Plaintiffs Emmanuel Cornet,*
*Justine De Caires, Grae Kindel,*
*Alexis Camacho, and Jessica Pan,*
*on behalf of themselves*
*and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, AND JESSICA PAN, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>TWITTER, INC.<br><br>　　　　　　　　Defendant. | Case No. 3:22-cv-6857<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF WARN ACT (29 U.S.C. §§ 2101 *ET SEQ.*)<br>2. VIOLATION OF CALIFORNIA WARN ACT (CAL. LAB. CODE §§ 1400 *ET SEQ.*)<br>3. DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201-02 |

## I. INTRODUCTION

1. Emmanuel Cornet, Justine De Caires, Grae Kindel, Alexis Camacho, and Jessica Pan, individually and on behalf of all others similarly situated, file this Class Action Complaint against Defendant Twitter, Inc. ("Twitter") for its violation and anticipated further violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"), as well as the California WARN Act, Cal. Lab. Code § 1400 *et seq.* (the "California WARN Act").

2. As described further below, shortly after the company's purchase by Elon Musk, during the first week of November 2022, Twitter began a mass layoff. It has been widely reported that Twitter plans to lay off about 3,700 employees, approximately 50% of its total workforce. See, e.g., Jon Brodkin, Musk to cut half of Twitter jobs and end remote work for the rest, report says, ARS TECHNICA (November 3, 2022), https://arstechnica.com/tech-policy/2022/11/report-musk-to-lay-off-50-of-twitter-staff-reverse-work-from-home-policy/; Kate Conger, Elon Musk Begins Layoffs at Twitter, NEW YORK TIMES (November 3, 2022), https://www.nytimes.com/2022/11/03/technology/twitter-layoffs-elon-musk.html?smid=nytcore-ios-share&referringSource=articleShare; Alex Heath, Elon Musk's Twitter layoffs are starting, THE VERGE (November 3, 2022), https://www.theverge.com/2022/11/3/23439802/elon-musks-twitter-layoffs-start-friday-november-4; Kali Hays, Elon Musk starts layoffs at Twitter immediately after an email went out saying cuts would start the next day, BUSINESS INSIDER, https://www.businessinsider.com/layoffs-at-twitter-begin-night-before-elon-musk-said-they-would-2022-11.

3. Twitter began the layoffs with a few employees. For example, on November 1, 2022, Twitter terminated Plaintiff Emmanuel Cornet without providing advanced written warning, as required by the federal WARN Act and California WARN Act, which require sixty (60) days advance written notice of a mass layoff.

4. On November 3, 2022, Plaintiffs Justine De Caires, Jessica Pan, and Grae Kindel were locked out of their Twitter accounts, which they understood to signal that they were being laid off.

5. Plaintiffs are very concerned that Twitter will continue these layoffs without providing the requisite notice. News reports have stated that more widespread layoffs will proceed beginning tomorrow, November 4, 2022.

6. Another company owned by Elon Musk, Tesla, recently engaged in mass layoffs without notice. That company attempted to obtain releases from laid off employees without informing them of their rights under the federal or California WARN Acts. A federal court subsequently ordered the company to provide employees notice of the claims that had been filed on their behalf. See Lynch v. Tesla, Inc., 2022 WL 42952953 *6 (W.D. Tex. Sept. 16, 2022).

7. Plaintiffs file this action seeking to ensure that Twitter comply with the law and6 provide the requisite notice or severance payment in connection with the anticipated layoffs and that it not solicit releases of claims of any employees without informing them of the pendency of this action and their right to pursue their claims under the federal or California WARN Act.

8. Plaintiffs seek immediate injunctive relief, as well as a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, on behalf of themselves and all similarly situated employees, precluding Twitter from circumventing the requirements of the WARN Act and the California WARN Act.

3**II. PARTIES**

9. Plaintiff Emmanuel Cornet is an adult resident of San Francisco, California, where he worked from January 2021 until his layoff on November 1, 2022.

10. Plaintiff Justine De Caires is an adult resident of San Francisco, California, where they have worked as an employee of Twitter assigned to Twitter's office in San Francisco.

3
CLASS ACTION COMPLAINT

11.     Plaintiff Grae Kindel is an adult resident of Medford, Massachusetts, where they have worked as an employee of Twitter assigned to Twitter's office in Cambridge, Massachusetts.

12.     Plaintiff Alexis Camacho is an adult resident of Honolulu, Hawaii, where she has worked as an employee of Twitter assigned to Twitter's headquarters in San Francisco, California.

13.     Plaintiff Jessica Pan is an adult resident of Alameda, California, where she has worked as an employee of Twitter assigned to Twitter's headquarters in San Francisco, California.

14.     Plaintiffs Cornet, De Caires, Pan, and Kindel bring this lawsuit as a Rule 23 class action asserting (1) a federal WARN Act claim on behalf of all Twitter employees throughout the United States who are laid off in a "mass layoff" or "plant closing," as defined by the WARN Act, following the purchase of Twitter by Elon Musk, and who are not given a minimum of sixty (60) days' written notice of termination and (2) a California WARN Act claim on behalf of all California Twitter employees who are laid off in a "mass layoff" or "plant closing," as defined by the California WARN Act, following the purchase of Twitter by Elon Musk, and who are not given a minimum of sixty (60) days' written notice of termination.

15.     All Plaintiffs bring a declaratory judgment claim asking the Court to enjoin Twitter from violating the federal and California WARN Act and from soliciting releases from employees who are being laid off without informing them of the pendency of this case and their rights under those statutes.

16.     Defendant Twitter, Inc. ("Twitter") is a Delaware corporation, headquartered in San Francisco, California.

## III.    JURISDICTION

17.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and

29 U.S.C. § 2104(a)(5).

18. This Court has personal jurisdiction over this matter because Twitter is headquartered in this District and conducts substantial business operations in this District.

19. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims, because those claims derive from a common nucleus of operative facts with Plaintiffs' federal claims.

## IV. **STATEMENT OF FACTS**

20. Twitter employs thousands of people across the United States. Following the purchase of the company by Elon Musk, in early November 2022, Twitter initiated what has been widely reported as a mass layoff of employees at its sites across the country. It has been widely reported in the media that Twitter's CEO Elon Musk communicated to Twitter's staff that the company plans to eliminate approximately 3,700 of Twitter's employees, making up about 50% of its total workforce. See, e.g., Jon Brodkin, Musk to cut half of Twitter jobs and end remote work for the rest, report says, ARS TECHNICA (November 3, 2022), https://arstechnica.com/tech-policy/2022/11/report-musk-to-lay-off-50-of-twitter-staff-reverse-work-from-home-policy/.

21. Plaintiffs Cornet, De Caires, Camacho, and Pan have been employed in Twitter's headquarters in San Francisco, California, and Plaintiff Kindel was employed in Twitter's office in Cambridge, Massachusetts.

22. As an early example of the anticipated mass layoff, on November 1, 2022, Plaintiff Cornet was notified that his employment was being terminated effective immediately. Twitter did not provide sixty (60) days advance written notice (or any advance notice at all) to Plaintiff Cornet of his impending layoff. Nor did Twitter provide any severance pay to Plaintiff Cornet.

23. Although not formally notified of a layoff, or given any advance notice, Plaintiffs De Caires, Pan, and Kindel were locked out of their company accounts on November 3, 2022.

24. At all relevant times, Twitter employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States and within California.

25. These anticipated terminations are expected to result in the loss of employment for more than 500 employees (excluding part-time employees).

26. However, Twitter has given no formal written advance notice of these anticipated layoffs – not sixty (60) days in advance of the terminations, nor as much notice as practicable under the circumstances.

27. It has also been reported that California's Employment Development Department has not received notice of a mass layoff from Twitter. See Kate Conger, Elon Musk Begins Layoffs at Twitter, NEW YORK TIMES (November 3, 2022), https://www.nytimes.com/2022/11/03/technology/twitter-layoffs-elon-musk.html?smid=nytcore-ios-share&referringSource=articleShare.

28. Elon Musk, who owns Twitter, engaged in similar violations of the WARN Act and the California WARN Act earlier during the summer of 2022, when another company he owns, Tesla, engaged in mass layoffs without providing advanced written notice. Several former Tesla employees brought a suit against Tesla for these violations. See Lynch et al. v. Tesla, Inc., Civ. Act. No., 1:22-cv-00597-RP (W.D. Tex.). When informing employees of their layoff, Tesla sought to obtain full releases of all WARN Act and California WARN Act claims in exchange for small severance payments of one or two weeks pay (significantly less than the sixty (60) days

6
CLASS ACTION COMPLAINT

pay and benefits required to satisfy the WARN Act and the California WARN Act). See Lynch, 2022 WL 4295295, at *1-4. A federal court ruled that Tesla's conduct was "misleading because [the separation agreements] fail to inform potential class members of this lawsuit and the rights that they are potentially giving up under the WARN Act." Id. at *4.

29. Plaintiffs here are reasonably concerned that, absent court intervention, Twitter will engage in similar behavior and seek releases from laid off employees without informing them of their rights or the pendency of this case. Plaintiffs have therefore brought this complaint seeking immediate relief to ensure that Twitter does not violate the federal and California WARN Act and then seek to obtain releases from employees who do not have notice of their rights or the claims brought here on their behalf.

## COUNT I
**Federal WARN Act**

At all times material herein, Plaintiffs and similarly situated persons have been entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 et. seq. 24. Twitter was, and is, subject to the notice and back pay requirements of the federal WARN Act because Twitter is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B). Twitter is now engaged in conducting mass layoffs without providing the required notice under the federal WARN Act.

## COUNT II
**California WARN Act**

At all times material herein, Plaintiffs and similarly situated persons who have worked for Twitter in California have been entitled to the rights, protections, and benefits provided under

7
CLASS ACTION COMPLAINT

the California WARN Act, Cal. Lab. Code § 1400 *et seq.* Twitter was, and is, subject to the notice and back pay requirements of the California WARN Act because Twitter is a business enterprise that employed 75 or more employees, as defined in the California WARN Act, Cal. Lab. Code § 1400(a). Twitter is now engaged in conducting mass layoffs without providing the required notice under the California WARN Act.

### COUNT III
### Declaratory Judgment Act, 28 U.S.C. §§ 2201-02

An actual controversy of sufficient immediacy exists between the parties as to the concern by Plaintiffs that Twitter should be prohibited from circumventing the requirements of the WARN Act and the California WARN Act by conducting mass layoffs without providing the required notice and by soliciting the employees it is laying off to sign separation agreements that release their claims under the WARN Act and/or California WARN Act, without first informing them of this lawsuit or their rights under those statutes. Plaintiffs seek a declaratory judgment and an injunction prohibiting Twitter from engaging in such conduct.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Declare and find that the Defendant has violated the WARN Act, 29 U.S.C. § 2101 *et seq.* and the California WARN Act, Cal. Lab. Code §§ 1400 *et seq.*

b. Certify a class action and appoint Plaintiffs and their counsel to represent a class of Twitter employees under Count I who have worked for Twitter anywhere in the United States and are laid off without required notice, in conjunction with the mass layoff described herein;

c. Certify a class action and appoint Plaintiffs and their counsel to represent a class of Twitter employees under Count II who have worked for Twitter in California and are laid off, without required notice, in conjunction with the mass layoff described herein;

d. Enter declaratory relief and an injunction under Count III enjoining Twitter from violating the WARN Act and/or California WARN Act and from seeking releases of claims under the WARN Act and/or California WARN Act under claims without informing employees of the pendency of this lawsuit and their rights under those statutes.

e. Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

f. Award pre- and post-judgment interest;

g. Award reasonable attorneys' fees, costs, and expenses;

h. Any other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, AND JESSICA PAN, on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; tfowler@llrlaw.com

Dated: November 3, 2022