1   MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
2   eric.meckley@morganlewis.com
    Brian D. Berry, Bar No. 229893
3   brian.berry@morganlewis.com
    One Market, Spear Street Tower
4   San Francisco, CA  94105
    Tel:    +1.415.442.1000
5   Fax:    +1.415.442.1001

6   Attorneys for Defendant
    TWITTER, INC.

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   EMMANUEL CORNET, JUSTINE DE            Case No. 3:22-cv-06857-JD
     CAIRES, GRAE KINDEL, ALEXIS
13   CAMACHO, AND JESSICA PAN, on behalf of
     themselves and all others similarly situated,
14                                          **DEFENDANT TWITTER, INC.'S**
                    Plaintiffs,             **ADMINISTRATIVE MOTION TO**
15                                          **SHORTEN TIME ON DEFENDANT'S**
            v.                              **MOTION TO COMPEL ARBITRATION**
16                                          **AND STRIKE CLASS CLAIMS**
     TWITTER, INC.
17                                          N.D. Civil Local Rule 6-3
                    Defendant.
18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP                                               Case No. 3:22-cv-06857-JD
 ATTORNEYS AT LAW

## I.      INTRODUCTION

Shortly after filing their "preemptive" lawsuit, Plaintiffs moved for a protective order pursuant to Federal Rule of Civil Procedure 23(d) ("Plaintiffs' Motion").  ECF No. 7.  While the earliest date such motion normally would have been heard under the Court's Local Rules was December 15, 2022, Plaintiffs sought to shorten time for Twitter to oppose such motion and expedite the hearing date.  ECF No. 11. The Court ordered Twitter to respond on shortened time. ECF No. 13. Thereafter, the Parties stipulated to a reply deadline (ECF No. 14), and the Court scheduled the hearing on Plaintiffs' motion for protective order for December 8, 2022 at 3 pm. ECF No. 15.

Twitter now has filed a motion to compel arbitration of the Plaintiffs' individual claims and to dismiss their class claims.  ECF No. 18. Pursuant to the Court's Local Rules, Twitter noticed the motion to compel for the earliest possible hearing date, December 29, 2022, which is three weeks after the hearing on Plaintiffs' motion for protective order.  Twitter seeks to expedite the briefing and hearing on its motion to compel so that it is heard on December 8, at the same hearing on Plaintiffs' motion.  The basis for this request is three-fold:  First, arbitration is a threshold issue that should be decided prior to considering Plaintiffs' motion under Rule 23(d). If Plaintiffs' claims are ordered to arbitration and the class claims dismissed pursuant to the class action waiver in their arbitration agreements, then there is no putative class, no Rule 23 rights are implicated, Plaintiffs lack standing to seek such relief, and their motion is moot.  Allowing Plaintiffs' protective order motion to be heard prior to Twitter's motion to compel places the "cart before the horse".  Second, advancing the hearing on the motion to compel arbitration to December 8 (rather than, alternatively, continuing the hearing on Plaintiffs' motion to December 29) allows Twitter to proceed with its previously planned (and now unjustly delayed) administration of its lawful reduction in force process and distribution of severance and release agreements to impacted employees who have been waiting to receive the information about their severance options since early November.  The Court specially set the December 8 hearing with the understanding that Twitter would not seek employee releases pending further order; if the issues in the two pending motions are not resolved until December 29, these employees will not

1  receive their severance paperwork until eight weeks after they received notice of their layoff.

2  There is no legitimate reason to deprive these employees of information pertaining to their

3  severance benefits for two months, particularly based on a motion for protective order that should

4  not have been filed in the first instance. Third, scheduling the hearings on both motions for the

5  same date and time preserves judicial efficiency and brings all the relevant issues before the Court

6  to address in a comprehensive fashion.

7      For these reasons, Twitter respectfully requests that this Court issue an Order setting an

8  expedited briefing and hearing schedule on Twitter's Motion pursuant to Civil Local Rule 6-3.

9  Twitter requests that Plaintiffs' opposition to Twitter's Motion be due December 2, that Twitter's

10 reply be due December 6 at 1:00 p.m., and that the Court hear Twitter's Motion on December 8,

11 2022 at 3:00 p.m.

12 **II.     RELEVANT FACTUAL BACKGROUND**

13      **A.     The Reasons for the Requested Shortening of Time .**

14

15      As described more fully in Twitter's motion to compel, each of the Plaintiffs signed a

16 valid and enforceable arbitration agreement, governed expressly by the Federal Arbitration Act,

17 that included a class action waiver that requires them to arbitrate their claims on an individual

18 basis. ECF No. 18, Ex. A - E.   Specifically, their Dispute Resolution Agreements require them

19 "to bring any dispute in arbitration on an individual basis only, and not on a class, collective, or

20 private attorney general representative action basis" and that "there will be no right or authority

21 for any dispute to brought, heard, or arbitrated as a class action . . . ." *Id*. at § 5.

22      Arbitration is a threshold issue that the Court must determine prior to deciding Plaintiffs'

23 Motion:

24      The issue of arbitration is a threshold issue.  Each of the five named plaintiffs . . .
        signed contracts with the defendants in which the parties agreed to resolve all
25      disputes through arbitration instead of litigation.  If those provisions are
        enforceable and the plaintiffs' claims are therefore subject to mandatory
26      arbitration, they cannot be litigated in this court (which would render the
        defendants' motions to dismiss and the plaintiffs' motions for conditional
27      certification and notice moot).

28

1    *See Hughes v. S.A.W. Entertainment, LTD,* No. 16-cv-03371-LB, 2017 WL 6450485, at *1 (N.D.

2    Cal. Dec. 18, 2017) (emphasis added, footnote omitted); *see also Roe v. SFBSC Mgmt., LLC*, No.

3    14-CV-03616-LB, 2015 WL 1798926, at *2 (N.D. Cal. Apr. 17, 2015) ("the better course is to

4    first determine the enforceability of the arbitration agreements before addressing the scope and

5    management of the remainder of this litigation") (quoting *Castle v. Wells Fargo Fin., Inc.*, No. C

6    06-4347 SI, 2007 WL 703609, at *3 (N.D. Cal. Mar. 5, 2007)).

7            In *O'Connor v. Uber Technologies, Inc.*, 904 F.3d 1087 (9th Cir. 2018), the Ninth Circuit

8    considered the impact of a motion to compel arbitration on orders controlling class

9    communications pursuant to Federal Rule of Civil Procedure 23(d).  After determining that

10   Uber's arbitration agreement (which included a class action waiver) was, in fact, enforceable, the

11   Ninth Circuit reversed the district court's order denying Uber's motion to compel arbitration.  *Id.*

12   at 1094.  The Ninth Circuit reversed the district court's order granting class certification, which

13   "was premised upon the district court's conclusion that the arbitration agreements were not

14   enforceable." *Id.*  As particularly pertinent here, the Ninth Circuit also reversed the district

15   court's Rule 23(d) orders, stating: "As we have concluded that the district court's orders denying

16   the motions to compel arbitration and certifying the class must both be reversed, the Rule 23(d)

17   orders are moot and without foundation.  They must be reversed as well." *Id.* at 1095.

18           The current hearing schedule on the Parties' respective motions would result in this Court

19   adjudicating Plaintiffs' motion—which seeks relief to which Plaintiffs are not entitled given that

20   they each signed enforceable class action waivers—prior to Twitter's motion.  However, because

21   arbitration is a threshold issue in this litigation, Twitter's motion should be decided prior to

22   Plaintiffs' motion.  As set forth more fully in Twitter's opposition to Plaintiffs' motion, if

23   Twitter's motion to compel is granted, then Plaintiffs will be compelled to pursue their claims in

24   arbitration on an individual basis, and their class action lawsuit will be dismissed.  Like the

25   *O'Connor* plaintiffs, Plaintiffs' motion to impose restrictions on Twitter's communications with

26   putative class members—a motion necessarily predicated on the existence of class claims—will

27   be "moot and without foundation."

28

1    In addition, scheduling the hearing on Twitter's motion simultaneously with Plaintiffs'

2    motion promotes judicial economy.  By setting the hearings on the same date (December 8), this

3    Court can adjudicate whether Plaintiffs' claims must be arbitrated on an individual basis and

4    likely avoid issuing an order regarding Plaintiffs' Motion, which will likely be rendered moot.

5         **B.      Twitter's Efforts to Obtain a Stipulation for the Shortening of Time .**

6

7    On November 21, 2022, Twitter contacted Plaintiffs in writing and requested that they

8    stipulate to the expedited briefing schedule and hearing date as requested in this administrative

9    motion.  Meckley Decl., ¶4.  Plaintiffs refused to agree.  *Id.* at ¶5.

10   Under the current briefing schedule, Plaintiffs must file their opposition to the motion to

11   compel arbitration on Monday, December 5, 2022.  Under Twitter's proposed briefing schedule,

12   Plaintiffs' opposition would be due on Friday, December 2 – only 3 calendar days and 1 business

13   day earlier.

14        **C.      The Substantial Harm and Prejudice That Would Occur If the Court Did Not
               Shorten Time.**

15

16   Delaying the hearing on either Twitter's motion or Plaintiffs' motion until December 29

17   would result in prejudice to the Twitter employees who were laid off on November 4, 2022.

18   Initially, employees were informed that they would be receiving their severance packages the

19   week following the notification.  Plaintiffs' emergency motion purposefully disrupted that

20   process.  A delay of eight weeks is not justified, given that employees are justifiably anxious to

21   know the specifics around their severance opportunities.

22        **D.      Prior Modifications of Time.**

23

24   Plaintiffs sought to shorten the time for Twitter to respond to their motion for a protective

25   order. The Court granted that request, in part, and ordered Twitter to respond to the motion on

26   November 21, 2022. ECF No. 13. In its Order, the Court did not specify either a reply deadline or

27   a hearing date on Plaintiffs' motion. As a result, the Parties presented a stipulation that the Court

28   approved, in part. ECF No. 14.

**E.**     **The Effect the Requested Time Modification Would Have on the Schedule for the Case.**

Twitter's requested shortening of time would not otherwise impact the schedule for the case. The initial case management conference is not scheduled to occur until February 2023.

**III.     CONCLUSION**

For the foregoing reasons, Twitter respectfully requests that this Court issue an Order requiring that Plaintiffs' opposition to Twitter's Motion be filed on December 2, that Twitter's reply be filed on December 6 at 1:00 p.m., and that Twitter's Motion be heard on December 8 at 3:00 p.m.

Dated:  November 21, 2022                    MORGAN, LEWIS & BOCKIUS LLP


By _____ */s/ Eric Meckley*
              Eric Meckley
              Brian D. Berry
              Ashlee Cherry
              Attorneys for Defendant
              TWITTER, INC.