SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
THOMAS FOWLER (*pro hac vice* forthcoming)
(tfowler@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:  (617) 994-5800
Facsimile:  (617) 994-5801

*Attorneys for Plaintiffs Emmanuel Cornet,
Justine De Caires, Grae Kindel, Alexis Camacho,
and Jessica Pan, on behalf of themselves
and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, and JESSICA PAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.<br><br>Defendant. | Case No. 3:22-cv-06857<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hearing:<br>Date:   January 23, 2023<br>Time:   9:30 am<br>Place:  Courtroom 11<br>Judge:  Hon. James Donato<br><br>ACTION FILED: November 3, 2022 |

PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiffs Emmanuel Cornet, Justine De Caires, Grae Kindel, Alexis Camacho, and Jessica Pan, on behalf of all others similarly situated, will, and hereby do move this Court pursuant to Fed. R. Civ. P. 15, to file the Second Amended Complaint attached hereto as Exhibit A.

This motion is brought pursuant to Rule 15 of the Federal Rules of Civil Procedure on the ground that the interests of justice require amendment, Plaintiff has not unduly delayed in bringing this motion, and Defendant will not be prejudiced by allowing this amendment. This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the papers on file in this case, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  BACKGROUND .............................................................................................................. 2

III. ARGUMENT .................................................................................................................... 2

IV.  CONCLUSION ................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

AmerisourceBergen Corp. v. Dialysist West, Inc.
  465 F.3d 949 (9th Cir. 2006) ................................................................................................. 2

Amparan v. Plaza Home Mortgage, Inc.
  2009 WL 2776486 (N.D. Cal. Aug. 28, 2009) ....................................................................... 3

Duling v. Gristede's Operating Corp.
  265 F.R.D. 91 (S.D.N.Y. 2010) ............................................................................................. 2

Eminence Cap., LLC v. Aspeon, Inc.
  316 F.3d 1048 (9th Cir. 2003) ............................................................................................... 3

Forman v. Davis
  371 U.S. 178 (1962) ............................................................................................................... 2

Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.
  980 F. Supp. 2d 1160 (E.D. Cal. 2013) .................................................................................. 4

Ho v. Ernst & Young LLP
  2007 WL 2070216 (N.D. Cal. July 17, 2007) ........................................................................ 3

Howey v. United States
  481 F.2d 1187 (9th Cir. 1973) ............................................................................................... 3

O'Connor v. Uber Technologies, Inc.
  3:13-cv-03826-EMC (N.D. Cal.) ........................................................................................... 3

Osakan v. Apple Am. Grp.
  2010 WL 1838701 (N.D. Ca. May 5, 2010) .......................................................................... 2

Palmer v. Stassinos
  236 F.R.D. 460 (N.D. Cal. 2006) ........................................................................................... 3

United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am.
  919 F.2d 1398 (9th Cir. 1990) ............................................................................................... 1

Wixon v. Wyndham Resort Dev. Corp.
  2010 WL 424603 (N.D. Cal. Jan. 27, 2010) .......................................................................... 3

Yucesoy v. Uber Technologies, Inc.
  15-cv-00262-EMC (N.D. Cal.) .............................................................................................. 3

**Rules**

Fed. R. Civ. P. 15 ............................................................................................................... 1, 2

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs seek leave to amend the operative complaint to add several named plaintiffs, including named plaintiffs who explicitly opted out of Twitter's arbitration agreement. Plaintiffs also seek to add claims under Cal. Lab. Code §§ 201, 203 & 227.3, based on Defendant Twitter's failure to pay all wages, benefits, and expense reimbursement due to employees upon termination. The proposed Second Amended Complaint also adds detail regarding Elon Musk's continued efforts to implement layoffs at Twitter, including an ultimatum he issued on November 16, 2022, which was intended to further reduce the ranks of Twitter employees by setting forth unreasonable demands for employees which Twitter knew would lead to many additional employees being separated from their jobs.

The proposed amendment to add plaintiffs who explicitly opted out of arbitration is important because Twitter has moved to compel arbitration of the claims of the current named plaintiffs and also contends that the emergency relief Plaintiffs have sought, in the form of a protective order, cannot be granted because the named plaintiffs are all bound by an arbitration agreement. While Plaintiffs will respond to Twitter's motion to compel arbitration in due course, Plaintiffs seek to file this Second Amended Complaint in order to protect the putative class and ensure that this case remains before this Court, regardless of the outcome of Twitter's pending Motion to Compel arbitration. This will provide further basis for Plaintiffs' requested protective order to be granted. Likewise, the proposed amendment to add the additional Count under the California Labor Code will enable former Twitter employees to pursue state law claims stemming from Twitter's failure to promptly provide them all wages, benefits, and expense reimbursement owed at the time of their termination.

Importantly, as described further below, Twitter will not be prejudiced by these amendments because the case is at an extremely early stage, and the main factual allegations underlying the claims in this case will not change materially as a result of this amendment.

When ruling on a motion to amend a complaint, a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Denial is proper only when amendment would be

clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made." United Union of Roofers, Waterproofers, & Allied Trades No. 40 v. Ins. Corp. of Am., 919 F.2d 1398, 1402 (9th Cir. 1990). Here, the amendment outlined above is plainly justified and will not result in prejudice or undue delay. For all these reasons and the reasons set forth further herein, the Court should grant the motion.

## II. BACKGROUND

Plaintiffs filed this case on November 4, 2022, alleging violations of the federal and California WARN Acts stemming from Twitter's recent mass layoffs. See Dkt. 1. Plaintiffs subsequently amended their complaint as of right on November 8, 2022, adding additional claims for breach of contract and promissory estoppel. See Dkt. 6. Thereafter, Plaintiffs filed an emergency motion for protective order. See Dkt. 7. Two days ago, on November 21, 2022, Defendant filed a Motion to Compel arbitration, claiming that all five named plaintiffs are bound to arbitrate their claims against Twitter. See Dkt. 18.

Plaintiffs now seek leave to amend their complaint a second time to add three named plaintiffs who opted out of Twitter's arbitration agreement: Emily Kim, Miguel Barreto, and Brett Folkins. Plaintiffs also seek to add a Count under Cal. Lab. Code §§ 201, 203 & 227.3, based on Twitter's failure to provide all wages, benefits, and expense reimbursement due to employees upon termination. A copy of the [Proposed] Second Amended Complaint is attached hereto as Exhibit A.

## III. ARGUMENT

Plaintiffs request leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15 admonishes the court that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 949, 951 (9th Cir. 2006); Osakan v. Apple Am. Grp., 2010 WL 1838701, *3 (N.D. Ca. May 5, 2010) ("Generally, leave to amend is to be granted with extreme liberality.") (internal citation omitted). Courts have recognized that "[i]n the absence of any apparent or declared reason – such as undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182 (1962); see also Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (internal quotation omitted) ("Leave to amend a pleading should be freely granted when justice so requires" and may be denied only "if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) would prejudice the opposing party ... or (4) would be futile.").

"Not all of the factors merit weight, [and] it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973) (Of the factors courts consider when evaluating a motion to amend, "the crucial factor is the resulting prejudice to the opposing party."). Here, there are no reasons for the Court to deny Plaintiffs' request for leave to file the Second Amended Complaint.

First, there is no undue delay, bad faith, or dilatory motive on the part of the Plaintiffs. The case is still in the very early stages and no discovery has taken place yet. There are also no motions for summary judgement or class certification pending. Moreover, Plaintiffs' request for leave to file a Second Amended Complaint stems at least in part from Twitter's motion to compel arbitration, which was just recently filed. Twitter contends that Plaintiffs are bound to arbitration their claims and cannot serve as named plaintiffs in this case. While Plaintiffs dispute Twitter's contentions, they are requesting leave to amend to add additional named plaintiffs, Emily Kim, Miguel Barreto, and Brett Folkins, who opted out of Twitter's arbitration agreement. There is thus no question that Kim, Barreto, and Folkins will not be bound to arbitrate their claims and thus will be able to pursue their claims in this case, regardless of the Court's ultimate ruling on the applicability and enforceability of Twitter's arbitration agreement.

Courts have consistently allowed plaintiffs to amend class action complaints to add additional lead plaintiffs, even much later in the litigation. See, e.g., O'Connor v. Uber

Technologies, Inc., 3:13-cv-03826-EMC (N.D. Cal.) (Dkt. 193); Amparan v. Plaza Home Mortgage, Inc., 2009 WL 2776486, *2 (N.D. Cal. Aug. 28, 2009) ("Requesting leave to amend to add new representatives in a class action lawsuit is not uncommon."); Wixon v. Wyndham Resort Dev. Corp., 2010 WL 424603, *1 (N.D. Cal. Jan. 27, 2010); Ho v. Ernst & Young LLP, 2007 WL 2070216, *1 (N.D. Cal. July 17, 2007); Palmer v. Stassinos, 236 F.R.D. 460, 466 (N.D. Cal. 2006). Indeed, in Yucesoy v. Uber Technologies, Inc., 15-cv-00262-EMC (N.D. Cal.) (Dkt. 287), Judge Edward M. Chen of this Court recently allowed amendment of a complaint – in a case that was filed years earlier -- to add additional lead plaintiffs who had opted out of the defendant's arbitration agreement.  Courts also commonly allow amendment to add additional claims prior to discovery. See, e.g., Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U., 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013) (citing cases).

Moreover, Plaintiffs' proposed Second Amended Complaint will cause no prejudice to Twitter. As stated above, this case is still in the initial stages and no discovery has taken place. Further, because Kim, Barreto, and Folkins opted out of arbitration, Twitter cannot argue that the amendment will require it to draft another motion to compel arbitration.

Finally, granting Plaintiffs' request for leave to file a Second Amended Complaint would not be futile. Because Kim, Barreto, and Folkins opted out of arbitration, there is no question that they will be able to pursue their claims in court.  Their addition to the complaint may also allow the putative class to have this case pursued in court on their behalf. Furthermore, the addition of an additional Count under the California Labor Code based on Twitter's conduct in failing to pay all wages and benefits due upon termination should be permitted to be added to the case at this early stage, particularly after it has become clear that Twitter has not consistently paid all outstanding wages, benefits, and expense reimbursement owed to employees at the time of their termination as required by California law.  The addition of factual detail in the proposed Second Amended Complaint that Twitter's layoffs continued and included the termination of employment of potentially more than a thousand employees based upon Musk's ultimatum

delivered on November 16, 2022, is important to make clear the scope of employees who may be covered by the claims asserted in this case.[1]

In short, given the liberal policy favoring amendments (particularly so early in a case), there is no reason that yet another separate case needs to be filed, raising the same claims as those raised here. Moreover, the addition of these new named plaintiffs to this case could preserve the interests of the putative class to be able to proceed on their claims in court as well as to assert certain claims under the California Labor Code.

## IV. CONCLUSION

Because this case is at a very early stage, the Court should grant Plaintiffs' request to file the attached proposed Second Amended Complaint. The amendment is not in bad faith, dilatory, or futile, but rather is in the interests of justice and should be allowed.

Respectfully submitted,

EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, AND JESSICA PAN, on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
Thomas Fowler (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: sliss@llrlaw.com; tfowler@llrlaw.com

Dated:      November 23, 2022

---

[1] Plaintiff Camacho, who was previously a named plaintiff in this case, was also informed that her employment would end as a result of this ultimatum. That event occurred after the filing of Plaintiffs' First Amended Complaint.

## **CERTIFICATE OF SERVICE**

I, Shannon Liss-Riordan, hereby certify that a true and accurate copy of this document was served on counsel for Defendant Twitter, Inc. via the CM/ECF system.

<u>/s/ Shannon Liss-Riordan</u>
Shannon Liss-Riordan