MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, AND JESSICA PAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TWITTER, INC.<br><br>Defendant. | Case No. 3:22-cv-06857-JD<br><br>**TWITTER'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SHORTEN TIME FOR HEARING ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 44527968.1

CASE NO. 3:22-CV-06857-JD
OPP TO PLAINTIFFS' MOTION TO SHORTEN TIME

## I. INTRODUCTION

Plaintiffs have repeatedly "jumped the gun" in this matter. They initially filed a "preemptive" complaint alleging unfounded violations of the federal and California WARN Acts before Defendant Twitter had even begun notifying employees impacted in a worldwide reduction in force. Then, they filed an "emergency motion" for a protective order blocking Twitter from sending out severance agreements to impacted employees and seeking to require Twitter to notify such employees of this action, before the complaint was served, much less answered, and long before any putative class might possibly be certified. Meckley Decl. ¶ 2. When Plaintiffs finally served Twitter with the complaint, they simultaneously filed another "emergency motion" asking the Court to require Twitter to respond to the motion for protective order the next business day. They did not actually serve Twitter with that "emergency" motion until a few hours before their unilaterally chosen response date.

Now, Plaintiffs have filed *yet another* administrative motion under Civil Local Rule 6-3 that seeks to deprive the Court of the fair and reasonable time period provided under the Court's Civil Local Rules to review, evaluate and adjudicate the arguments presented by the parties in their respective briefing. Specifically, Plaintiffs filed their motion for leave to amend on November 23, 2022. They are requesting it be heard on December 8, 2022 – only 15 days after the motion was filed (which represents 20 fewer days' notice than required under the Civil Local Rules) *and* less than 24 hours after Twitter will be filing its opposition on December 7, 2022.[1] Meckley Decl. ¶ 3. Hearing the motion less than 24 hours after receiving Twitter's opposition would unfairly prejudice Twitter and most likely prevent the Court from a meaningful opportunity to analyze Twitter's arguments. *Id*. Such an extremely condensed schedule would not be justified under almost any circumstances, but here is particularly unjustified given that Plaintiffs have failed to comply with the requirements under Civil Local Rule 6-3 and have failed

---

[1] Plaintiffs' administrative motion requested shortened time for hearing their motion for leave to amend. Plaintiffs did not request that the Court shorten the time period for Twitter to file its opposition to Plaintiffs' motion for leave to amend and thus no basis exists for the Court to shorten the current opposition briefing deadline.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 44527968.1

1

CASE NO. 3:22-CV-06857-JD
OPP TO PLAINTIFFS' MOTION TO
SHORTEN TIME

to identify any "substantial harm or prejudice that would occur" if the Court were to hear their motion for leave to amend on the currently noticed hearing date of January 23, 2023.

The Court should deny Plaintiffs' Administrative Motion to Shorten Time for hearing their motion for leave to amend to file a proposed Second Amended Complaint.

## II.    ARGUMENT

Plaintiffs have failed to satisfy the procedural and substantive requirements of Civil Local Rule 6-3(a)(1)-(3). In addition, Plaintiffs have failed to identify any non-speculative "substantial harm or prejudice" that would occur if the Court heard their motion on the regularly scheduled hearing date of January 23, 2023.

First, Civil Local Rule 6-3(a) requires that any motion to shorten time "must be accompanied . . . by declaration that" address six (6) different elements necessary to support the request for shortened time. Here, Plaintiffs' motion is not accompanied by *any declaration*, which by itself compels the denial of Plaintiffs' motion.

Second, even if the Court were to ignore the failure to submit the required declaration, the body of Plaintiffs' motion fails to address or support 4 of the 6 elements required under Civil Local Rule 6-3(a). Specifically, Plaintiffs do not set forth "with particularity the reasons for the requested . . . shortening of time." Plaintiffs fail to disclose all previous time modifications in the case. Plaintiffs fail to describe the effect the requested time modification would have on the schedule for the case. And, most importantly, Plaintiffs fail to "identif[y] the substantial harm or prejudice that would occur if the Court did not change the time."

As to this final element, Plaintiffs appear to suggest that if the Court were to grant Twitter's motion to compel arbitration before ruling on the motion for leave to amend, then the current five (5) named Plaintiffs would be sent to arbitration and the complaint would be dismissed. Twitter seeks this very result with its motion to compel, which is scheduled to be heard on January 12, 2023. Meckley Decl. ¶ 4. Such a result does not constitute "substantial harm or prejudice", because the three (3) newly proposed plaintiffs (who reside in Washington and New York; none of whom are residents of California) can simply file their own new, separate lawsuit. None of these new proposed plaintiffs' claims appears to be barred by any applicable

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 44527968.1

2

CASE NO. 3:22-CV-06857-JD
OPP TO PLAINTIFFS' MOTION TO
SHORTEN TIME

statute of limitations. Meckley Decl. ¶ 5. And, having them file a new separate lawsuit is the most appropriate course of action given the multiple claims alleged in the currently pending lawsuit that these proposed plaintiffs *cannot plead* consistent with Rule 11. Specifically, proposed plaintiffs Emily Kim and Brett Folkins each reside in Washington state and each received the requisite 60-days' notice of termination under the federal WARN Act. *See* proposed SAC ¶¶ 14, 16. Proposed plaintiff Migeul Barreto resides in New York and received the requisite 90-days' notice of his termination under New York law. *See* proposed SAC ¶ 15. As a result, it is undisputed that none of these newly proposed plaintiffs can state a claim for any violation of the federal WARN Act or New York WARN Act. In addition, because none of these newly proposed plaintiffs is or was a resident of California, it is undisputed that none of them can state a claim for any violation of California law, including but not limited to any violation of the California WARN Act or any other provision of the California Labor Code. Meckley Decl. ¶ 5. Plaintiffs have identified no "substantial harm or prejudice that would occur" if the Court addressed the motion for leave to amend on the currently noticed hearing date of January 23, 2023. If the *Cornet* matter is dismissed prior to that date (as it should be), then these three newly proposed plaintiffs can simply file their own new/separate action and assert whatever claims they have (which, Twitter reasonably expects, will comply with Rule 11 pleading requirements and not include any California law claims or WARN Act claims).

Plaintiffs' most recent administrative motion should be denied.

Dated: December 5, 2022

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Eric Meckley*
Eric Meckley
Brian D. Berry
Attorneys for Defendant
TWITTER, INC.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 44527968.1

3

CASE NO. 3:22-CV-06857-JD
OPP TO PLAINTIFFS' MOTION TO SHORTEN TIME