MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, AND JESSICA PAN, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>TWITTER, INC.,<br><br>                Defendant. | Case No. 3:22-cv-06857-JD<br><br>**DEFENDANT TWITTER, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE AND/OR DISMISS CLASS CLAIMS**<br><br>Date:     January 12, 2023<br>Time:    10:00 a.m.<br>Judge:   Hon. James Donato |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................... 1

II. ARGUMENT ............................................................................................................................. 1

    A. The Delegation Clause is Clear and Unmistakable. ........................................................... 1

    B. Plaintiffs Fail to Meet Their Burden of Proving the Agreements Are Unenforceable. ...................................................................................................................... 2

        1. The Agreements Are Not Procedurally Unconscionable. ........................... 2

            a. An Arbitration Agreement Need Not Enclose a Copy of the Applicable Arbitration Rules, and Twitter Provided the Rules via a Hyper-Link (Versions Two and Three of the Agreement). ........................................................................................... 2

            b. An Arbitration Agreement Need Not Identify An Arbitral Forum (Version One of the Agreement) ......................................... 4

            c. The Agreement Clearly States that Twitter Will Pay All Costs Unique to Arbitration. ............................................................. 4

            d. The Conspicuous Opt-Out Provision Further Minimizes The Modicum of Procedural Unconscionability Found in All Contracts of Adhesion .............................................................. 5

        2. The Agreements Are Not Substantively Unconscionable. .......................... 6

            a. The Confidentiality Clause Is Not Unconscionable ....................... 7

            b. The PAGA Waiver in Version One of the Agreement Is Enforceable or, in the Alternative, Severable. ................................ 9

III. CONCLUSION ....................................................................................................................... 10

i

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adolph v. Uber Technologies*,
    S274671 (Cal. Aug. 1, 2022) .................................................................................................. 9

*Asher v. E! Ent. Television, LLC*,
    No. CV 16-8919-RSWL-SSX, 2017 WL 3578699 (C.D. Cal. Aug. 16, 2017) ........................ 4

*Balan v. Tesla Motors, Inc.*,
    No. C19-67 MJP, 2019 WL 2635903 (W.D. Wash. June 27, 2019) .................................... 8, 9

*Baltazar v. Forever 21, Inc.*,
    62 Cal. 4th 1237 (2016) ..................................................................................................... 3, 5

*Caire v. Conifer Value Based Care LLC*,
    982 F.Supp.2d 582 (D. Md. 2013) .......................................................................................... 4

*Callahan v. Paychex N. Am. Inc.*,
    No. 21-CV-05670-CRB, 2022 WL 11902205 (N.D. Cal. Oct. 20, 2022) ...................... 7, 8, 10

*Carbajal v. CWPSC, Inc.*,
    245 Cal.App.4th 227 (2016).................................................................................................... 3

*Carlson v. Home Team Pest Defense, Inc.*,
    239 Cal.App.4th 619 (2015).................................................................................................3, 4

*Circuit City Stores v. Ahmed*,
    283 F.3d 1198 (9th Cir. 2002) ................................................................................................. 5

*Coleman v. Crossmark Inc.*,
    No. CV 20-5025 DSF (KS), 2020 WL 11036932 (C.D. Cal. Nov. 19, 2020) ......................... 3

*Dean Witter Reynolds, Inc. v. Superior Court*,
    211 Cal.App.3d 758 (1989)..................................................................................................... 5

*DeGraff v. Perkins Coie LLP*,
    No. C 12-02256 JSW, 2012 WL 3074982 (N.D. Cal. July 30, 2012) ..................................... 8

*Dominguez v. Stone Brewing Co.*,
    LLC, No. 20-CV-251-WQH-BLM, 2020 WL 3606396 (S.D. Cal. July 2, 2020) ................... 4

*Duran v. Discover Bank*,
    2009 WL 1709569 (Cal. Ct. App. June 19, 2009) .................................................................. 6

*Gentry v. Superior Court*,
    42 Cal. 4th 443 (2007) ............................................................................................................ 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

*Gonzalez v. Interstate Cleaning Corp.*,
  No. 19-CV-07307-KAW, 2020 WL 1891789 (N.D. Cal. Apr. 16, 2020) .............................. 7

*HM DG, Inc. v. Amini*,
  219 Cal.App.4th 1100 (2013) ............................................................................................... 4

*Johnson v. City of Loma Linda*,
  24 Cal.4th 61 (2000) ............................................................................................................ 9

*Johnson v. Lowe's Home Centers, LLC*,
  No. 221CV00087TLNJDP, 2022 WL 4387796 (E.D. Cal. Sept. 22, 2022) ........................ 10

*Louis v. Healthsource Glob. Staffing, Inc.*,
  No. 22-CV-02436-JD, 2022 WL 4960666 (N.D. Cal. Oct. 3, 2022) ................................ 1, 2

*MacClelland v. Cellco Partnership*,
  No. 21-CV-08592-EMC, 2022 WL 2390997 (N.D. Cal. July 1, 2022) ................................. 2

*Martinez v. Ross Stores, Inc.*,
  No. 18-CV-04636-JD, 2019 WL 4221704 (N.D. Cal. Sept. 5, 2019) .......................... 4, 5, 6, 9

*Martinez-Gonzalez v. Elkhorn Packing Co., LLC*,
  No. 18-CV-05226-EMC, 2022 WL 10585178 (N.D. Cal. Oct. 18, 2022) .......................... 10

*Momot v. Mastro*,
  652 F.3d 982 (9th Cir. 2011) ................................................................................................ 1

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
  460 U.S. 1 (1983) ............................................................................................................... 10

*Ortega v. Spearmint Rhino Companies Worldwide, Inc.*,
  No. EDCV17206JGBKKX, 2017 WL 11272598 (C.D. Cal. June 12, 2017) ...................... 5

*OTO, LLC v. Kho*,
  8 Cal. 5th 111 (2019) ........................................................................................................... 5

*Pambakian v. Blatt*,
  859 F. App'x 808 (9th Cir. 2021) ........................................................................................ 4

*Poublon v. C.H. Robinson Company*,
  846 F.3d 1251 (9th Cir. 2017) .................................................................................. 3, 6, 7, 8

*Prasad v. Pinnacle Prop. Mgmt. Servs.*,
  LLC, No. 17-CV-02794-VKD, 2018 WL 4599645 (N.D. Cal. Sept. 25, 2018) ................... 7

*Radcliff v. San Diego Gas & Elec. Co.*,
  No. 20-CV-1555-H-MSB, 2022 WL 4229305 (S.D. Cal. Sept. 12, 2022) ......................... 10

*Raglani v. Ripken Prof. Baseball*,
  939 F.Supp.2d 517 (D. Md. 2013) ....................................................................................... 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

*Ramos v. Superior Court*,
  28 Cal. App. 5th 1042 (2018) .................................................................................................. 8

*Sanchez v. Carmax Auto Superstores California, LLC*,
  224 Cal. App. 4th 398 (2014), review denied (June 11, 2014) ............................................ 7, 8

*Shams v. Revature LLC*,
  No. 22-CV-01745-NC, 2022 WL 3453068 (N.D. Cal. Aug. 17, 2022) ................................. 10

*Storms v. Paychex, Inc.*,
  No. LA CV21-01534 JAK, 2022 WL 2160414 (C.D. Cal. Jan. 14, 2022) .............................. 8

*Tan v. GrubHub, Inc.*,
  171 F.Supp.3d 998 (N.D. Cal. 2016) ...................................................................................... 9

*Ting v. AT&T*,
  319 F.3d 1126, 1152 (9th Cir. 2003) ...................................................................................... 7

*Viking River Cruises, Inc. v. Moriana*,
  142 S. Ct. 1906 (2022) ...................................................................................................... 9, 10

*Williams v. Eaze Sols., Inc.*,
  417 F. Supp. 3d 1233 (N.D. Cal. 2019) .............................................................................. 1, 2

**Statutes**

9 U.S.C. § 5 ..................................................................................................................................... 4

CCP § 1284.2 .................................................................................................................................. 5

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

iv

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

## I. INTRODUCTION

Plaintiffs do not dispute that they formed arbitration agreements ("Agreements") with Twitter that cover the claims in this case. Nor do they dispute that the Agreements contain an enforceable class action waiver. With those concessions, there is nothing for the Court to do other than to enter an order compelling Plaintiffs to arbitrate on an individual basis because the Agreements clearly and unmistakably delegate to the arbitrator the arguments Plaintiffs raise regarding the Agreements' purported unconscionability. To the extent the Court entertains Plaintiffs' challenges to the Agreements' enforceability, however, it should reject those arguments for the reasons set forth below and compel arbitration of Plaintiffs' claims.

## II. ARGUMENT

### A. The Delegation Clause is Clear and Unmistakable.

With the exception of the class, collective, and PAGA waivers, the Agreements delegate questions about the interpretation and enforceability of the Agreement to the arbitrator. Here, the delegation clause is "clear and unmistakable." *See Momot v. Mastro*, 652 F.3d 982, 987-988 (9th Cir. 2011). The Agreements all clearly state that only the arbitrator is authorized to resolve disputes regarding the "interpretation or application of this Agreement, including the enforceability, revocability or validity of the Agreement or any portion of the Agreement." Declaration of Fidelma Callaghan ("Callaghan Decl."), Exs. A-E § 1. As Twitter explained in its moving papers, this Court repeatedly has enforced delegation clauses that are substantially the same as the delegation clauses in the Agreements here. *See* Mot. 11:19-12:13 (citing *Louis v. Healthsource Glob. Staffing, Inc.*, No. 22-CV-02436-JD, 2022 WL 4960666, at *2 (N.D. Cal. Oct. 3, 2022) (Donato, J.); *Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233, 1241 (N.D. Cal. 2019)).

Plaintiffs' Opposition offers no meaningful response. Their only "argument" on this threshold issue is an unsupported assertion in a footnote. *See* Opp. at 5, n.3. As an initial matter, under this Court's Standing Order, Plaintiffs' negligible attempt to address the delegation issue is sufficient reason for the Court to conclude that the delegation clause is enforceable. *See* Standing Order for Civil Cases Before Judge Donato, ¶ 22 ("Arguments buried in footnotes or raised with

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

little authority or discussion will generally not be considered by the Court"). Even if the Court entertains Plaintiffs' "footnote-advocacy," it should reject their conclusory argument that the Agreements "do[] not actually state that questions of arbitrability are delegated to the arbitrator." *See* Opp. at 5, n.3. Not surprisingly, Plaintiffs cite no authority that suggests the enforceability of a delegation clause hinges on whether an arbitration agreement incants the magic words "arbitrability" and "delegation."[1] Courts enforce delegation clauses all the time that do not recite those legal terms of art. *See, e.g., Louis*, 2022 WL 4960666, at *2; *Williams*, 417 F. Supp. 3d at 1241. In addition, the Agreements' delegation clauses here are even more clear and unmistakable than what Plaintiffs propose because an ordinary employee may be unfamiliar with legalese like "arbitrability" and "delegation" but would reasonably understand the language actually used in the Agreements here *See* Callaghan Decl., Exs. A-E § 1. At bottom, the Court should enforce the delegation clause because it is clear and unmistakable. As a result, the Court need not (and should not) reach Plaintiffs' arguments regarding purported procedural and substantive unconscionability.

### B. Plaintiffs Fail to Meet Their Burden of Proving the Agreements Are Unenforceable.

#### 1. The Agreements Are Not Procedurally Unconscionable.

##### a. An Arbitration Agreement Need Not Enclose a Copy of the Applicable Arbitration Rules, and Twitter Provided the Rules via a Hyper-Link (Versions Two and Three of the Agreement).

According to Plaintiffs, Versions Two and Three of the Agreement presented "a degree of procedural unconscionability" because they did not enclose a copy of the applicable JAMS rules. Opp. at 6:11-13. As an initial matter, Versions Two and Three of the Agreement included a

---

[1] Plaintiffs cite a single case—*MacClelland v. Cellco Partnership*, No. 21-CV-08592-EMC, 2022 WL 2390997 (N.D. Cal. July 1, 2022)—and they cite it only for the general standard that a delegation clause must be clear and unmistakable. *See* Opp. at 5, n.3. Plaintiffs do not even try to explain how *MacClelland* helps them, because it does not. The *MacClelland* court concluded that incorporating the AAA consumer arbitration rules by reference was not a clear and unmistakable delegation in a contract with unsophisticated consumers. *Id.* at *4. Here, in contrast, the Agreement contains an express delegation clause, and, in any event, this Court has enforced delegation clauses that incorporate by reference the provider rules. *Louis,* WL 4960666, at *2.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

hyperlink to the applicable rules. Thus, the rules were only a click away because Plaintiffs received and reviewed their Agreements electronically. Callaghan Decl., ¶7(c)-(e); Exs. C-E § 3; *Coleman v. Crossmark Inc.,* No. CV 20-5025 DSF (KS), 2020 WL 11036932, at *4 (C.D. Cal. Nov. 19, 2020) ("Because Coleman was electronically signing the Arbitration Agreement, he also had the opportunity to pull up the rules on his computer before proceeding with the signing"). The Agreements also separately advised employees that they may obtain a copy from Human Resources. *Id.* Plaintiffs' argument is simply wrong on the facts. In addition, the California Supreme Court expressly rejected Plaintiffs' argument years ago in *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237 (2016). The Court explained that an employer's mere failure to enclose a copy of the arbitration rules has no bearing on the unconscionability analysis where the plaintiff is not challenging some aspect of the applicable rules. *Id.* at 1246. Relying on *Baltazar*, the Ninth Circuit has confirmed that "incorporation by reference, without more, does not affect the finding of procedural unconscionability." *Poublon v. C.H. Robinson Company,* 846 F.3d 1251, 1262 (9th Cir. 2017).

The cases cited by Plaintiffs do not alter this conclusion. In *Carbajal v. CWPSC, Inc.*, 245 Cal.App.4th 227, the California Court of Appeal found that an arbitration agreement was unconscionable because "the Agreement require[d] [plaintiff] to arbitrate her claims 'in accordance with the rules of the [AAA]' without identifying which of AAA's nearly 100 different sets of active rules will apply," and because the employer did not "tell [plaintiff] where she could find a copy of the rules . . . or give her an opportunity to review any rules." *Id.* at 244. Those unique facts are absent here. Nor do Plaintiffs get any mileage from *Carlson v. Home Team Pest Defense, Inc.*, 239 Cal.App.4th 619 (2015), where the employer pressured the employee during an in-person meeting to sign her employment agreement with an arbitration policy or lose her job offer, and the employer refused to provide the employee with a copy of the arbitration policy despite her explicit request to see it. *Id.* at 632. Against that background, the court explained "because of the abundance of facts supporting a finding of procedural unconscionability in this case we need not, and do not, ground our finding solely on [the failure to provide a copy of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

applicable arbitration rules].” *Id.*, n. 2.[2]  Plaintiffs fail to establish any procedural unconscionability in Versions Two or Three of the Agreement arising from the purported failure to enclose a copy of the applicable AAA rules.

    b. **An Arbitration Agreement Need Not Identify An Arbitral Forum (Version One of the Agreement)**.

  Plaintiffs argue without legal support that Version One of the Agreement is procedurally unconscionable because it did not specify an arbitral forum (e.g., JAMS or AAA). Opp. at 6:14-15. Plaintiffs' argument is meritless because "the validity of an arbitration agreement is not contingent upon the agreement identifying a specific arbitrator or specifying a particular method for appointing an arbitrator." *Pambakian v. Blatt*, 859 F. App'x 808, 809 (9th Cir. 2021) (quoting *HM DG, Inc. v. Amini*, 219 Cal.App.4th 1100, 1108); *Asher v. E! Ent. Television, LLC,* No. CV 16-8919-RSWL-SSX, 2017 WL 3578699, at *4 (C.D. Cal. Aug. 16, 2017); *see also Martinez v. Ross Stores, Inc.,* No. 18-CV-04636-JD, 2019 WL 4221704, at *3 (N.D. Cal. Sept. 5, 2019) (Donato, J.) (granting motion to compel arbitration even though the agreement at issue "does not name a specific arbitration entity such as AAA or JAMS"). In addition, the FAA itself specifies a procedure for appointment of an arbitrator in the absence of an arbitrator-selection process. 9 U.S.C. § 5 ("if no method be provided therein . . ."); *Dominguez v. Stone Brewing Co.*, LLC, No. 20-CV-251-WQH-BLM, 2020 WL 3606396, at *7 (S.D. Cal. July 2, 2020) (rejecting procedural unconscionability argument under *HM DG, Inc.* and the FAA). Thus, Plaintiffs' argument fails.

    c. **The Agreement Clearly States that Twitter Will Pay All Costs Unique to Arbitration.**

  Plaintiffs observe that "each of the agreements state that 'in all cases where required by

---

[2] Plaintiffs also rely on two decisions from the District of Maryland that provide no guidance to the Court here because they were not decided under California law and involved substantially different facts. *See Raglani v. Ripken Prof. Baseball*, 939 F.Supp.2d 517, 525 (D. Md. 2013) (agreement did not provide for a neutral arbitrator and its vague reference to applicable arbitral rules was "reason to question its enforceability, when combined with [the defendant's] exclusive control over the list of arbitrators"); *Caire v. Conifer Value Based Care LLC*, 982 F.Supp.2d 582 (D. Md. 2013) (agreement had no mechanism for selecting a neutral arbitrator, lacked mutual consideration, gave the employer sole discretion to alter the agreement's terms, and did not identify the applicable arbitration rules).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

law, the Company will pay the Arbitrator's and arbitration fees'" but then inexplicably argue that this language is uncertain because "Plaintiffs would have no way to know at the time that they executed the agreement whether they would be required to cover the costs of arbitration fees and the fees of the arbitrator." Opp. at 7:11-12, 7:20-24. Plaintiffs cite only *OTO, LLC v. Kho*, 8 Cal. 5th 111, 128 (2019) to support this argument. But Plaintiffs fail to discuss or even quote the arbitration-cost provision in *OTO*, which is obviously distinguishable from the one in the Agreements here. The agreement in *OTO* stated, "'If CCP § 1284.2 conflicts with other substantive statutory provisions or controlling case law, the allocation of costs and arbitrator fees shall be governed by said statutory provisions or controlling case law instead of CCP § 1284.2.'" *Id.* at 128. The court decried the volume of legal jargon in the agreement generally, and in this clause specifically, and puzzled over how a layperson would have any understanding of Section 1284.2 or the scope of the exception carved out by the "controlling case law of *Armendariz*." *Id.* at 129. Here, in contrast, the Agreements clearly state that Twitter will pay all costs unique to arbitration "in all cases where required by law." Callaghan Decl., Exs. A-E § 6. That provision plainly satisfies *Armendariz*. *See, e.g., Ortega v. Spearmint Rhino Companies Worldwide, Inc.*, No. EDCV17206JGBKKX, 2017 WL 11272598, at *6 (C.D. Cal. June 12, 2017). And, to avoid any possible question, Twitter agrees to pay for the arbitration costs here.

### d. The Conspicuous Opt-Out Provision Further Minimizes The Modicum of Procedural Unconscionability Found in All Contracts of Adhesion.

Plaintiffs argue that "the economic coercion inherent in the employment relationship supports a finding of procedural unconscionability." Opp., 8:19-20. But a contract of adhesion carries only a "modicum of procedural unconscionability" that is "not enough to find an agreement to arbitrate unenforceable." *Martinez*, 2019 WL 4221704, at *2; *Baltazar*, 62 Cal. 4th at 1245, 1251. Here, this minimal procedural unconscionability is further diminished by the opt-out provision in the Agreements. *Dean Witter Reynolds, Inc. v. Superior Court*, 211 Cal.App.3d 758, 769-771 (1989) (the "freedom to choose whether or not to enter a contract of adhesion is a factor weighing against a finding of procedural unconscionability."); *Circuit City Stores v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002) (finding no procedural unconscionability where

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

plaintiff had an opportunity to opt out of arbitration).

Plaintiffs assert that employees may have felt "at least some pressure" not to opt out and that an arbitration agreement "can be a contract of adhesion." Opp. at 8:3-13 (citing *Gentry v. Superior Court*, 42 Cal. 4th 443, 471 (2007), and *Duran v. Discover Bank*, 2009 WL 1709569, at *5 (Cal. Ct. App. June 19, 2009)). But Plaintiffs offer no admissible evidence of "sharp practices, trickery or deception" that might suggest Twitter imposed pressure on them in connection with the Agreements. *See Martinez*, 2019 WL 4221704, at *2. Plaintiffs also half-heartedly suggest that the opt-out provision in Version One and Version Two is hidden because it appears "near the end" of the Agreement. Opp. at 8:18-19. But they conveniently ignore that the Agreement is a standalone document that spans only three pages; that the opt-out provision is stated in a conspicuous, standalone section entitled (in bold), "**An Employee's Right to Opt Out of Arbitration**"; and that the opt-out section states in bold text, "**Arbitration is not a mandatory condition of Employee's employment at the Company, and therefore an Employee may submit a form stating that the Employees wishes to opt out and not be subject to this Agreement**," and then proceeds to explain how the employee can obtain an opt-out form. Callaghan Decl., Exs. A-C § 8. Nor do Plaintiffs provide any support whatsoever for their suggestion that the offer letters that accompanied Versions Two and Three of the Agreements were somehow misleading because they did not separately mention the opt-out rights that are explained in the Agreements. *See* Opp. at 8:12-13. In sum, it is *Plaintiffs' burden* to establish procedural unconscionability and they have not come close to satisfying that burden.

### 2. The Agreements Are Not Substantively Unconscionable.

Plaintiffs argue that the confidentiality provisions in the Agreements and the PAGA waiver in Version One of the Agreement are substantively unconscionable. Both arguments fail. As an initial matter, given the lack of procedural unconscionability, any purportedly harsh or one-sided terms in the Agreements would be insufficient to conclude that the Agreements are "permeated" with unconscionability such that severance of any offending term would be improper. *See Poublon*, 846 F.3d at 1273.

/ / /

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

### a. The Confidentiality Clause Is Not Unconscionable.

Each version of the Agreement contains an identical confidentiality provision that states:

> Except as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties.

Callaghan Decl., Exs. A-E, § 7.

This provision is similar to the confidentiality provision in *Sanchez v. Carmax Auto Superstores California, LLC*, 224 Cal. App. 4th 398 (2014), review denied (June 11, 2014), which required "that the arbitration (including the hearing and record of the proceeding) be confidential and not open to the public unless the parties agree otherwise, or as appropriate in any subsequent proceeding between the parties, or as may be appropriate in response to government or legal process." *Id.* at 408. The *Sanchez* court found that there was "nothing unreasonable or prejudicial about" the confidentiality requirement and it was "not unconscionable." *Id.* The Ninth Circuit reached the same conclusion when evaluating an identical confidentiality provision. *See Poublon*, 846 F.3d at 1268 ("Here, there is no persuasive data that the California Supreme Court would reach a different conclusion than [*Sanchez*], and the fact that the California Supreme Court declined review of [*Sanchez*] supports this conclusion.")

In line with these appellate opinions, courts in this District routinely reject the argument that standard confidentiality provisions are substantively unconscionable. *See, e.g., Callahan v. Paychex N. Am. Inc.*, No. 21-CV-05670-CRB, 2022 WL 11902205, at *7 (N.D. Cal. Oct. 20, 2022) (explaining that finding a standard confidentiality provision in an arbitration agreement to be substantively unconscionable would run afoul of the FAA); *Gonzalez v. Interstate Cleaning Corp.*, No. 19-CV-07307-KAW, 2020 WL 1891789, at *7 (N.D. Cal. Apr. 16, 2020) (explaining that *Poublon* superseded *Ting v. AT&T*, 319 F.3d 1126, 1152 (9th Cir. 2003) and "find[ing] that the confidentiality clause is not substantively unconscionable," based on *Poublon* and *Sanchez*); *Prasad v. Pinnacle Prop. Mgmt. Servs.*, LLC, No. 17-CV-02794-VKD, 2018 WL 4599645, at *9 (N.D. Cal. Sept. 25, 2018) (confidentiality clause that covered "all aspects" of the arbitration except where "otherwise disallowed by statute" or "agree[d] in writing" by the parties was not substantively unconscionable).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

Based largely on a grab bag of out-of-state authorities, Plaintiffs argue that confidentiality provisions in employment arbitration agreements are substantively unconscionable because they provide "unfair advantages" to employers. Opp. at 9:8-9. Plaintiffs' California authorities are unavailing (and their non-California authorities are irrelevant). In *Ramos v. Superior Court*, the agreement provided that "all aspects of the arbitration shall be maintained by the parties and the arbitrators in strict confidence" without exception and without allowing the arbitrator to modify it. 28 Cal. App. 5th 1042, 1065 (2018). Similarly, in *Storms v. Paychex, Inc.*, the parties agreed to keep confidential "all matters related" to the arbitration. No. LA CV21-01534 JAK (JEM), 2022 WL 2160414, at *15–16 (C.D. Cal. Jan. 14, 2022). The plaintiffs in both *Ramos* and *Storms* argued that these broad terms potentially precluded them from conducting informal discovery or contacting witnesses, which rendered the confidentiality provision unconscionable. Plaintiffs urge this Court to draw the same conclusion here. But this argument fails for several reasons.

First, the confidentiality provision in the Agreements is much narrower than the provisions at issue in *Ramos* and *Storms*; specifically, the Agreements are expressly limited to what "may be permitted or required by law." *See* Callaghan Decl., Exs. A-E § 7. Second, in *Callahan*, 2022 WL 11902205, at *7, a court in this District recently analyzed a confidentiality provision substantially the same as the one here in light of the same argument about limitations on informal discovery. The court rejected that argument because finding a routine confidentiality provision unconscionable would be "far out of step with the liberal federal policy favoring arbitration that courts are bound to follow." *Id.* Third, the Agreements' confidentiality provision is not unconscionable "because parties may argue during arbitration itself that the confidentiality provision is unenforceable." *Id.*, n.8 (collecting cases).

Plaintiffs' reliance on *DeGraff v. Perkins Coie LLP,* No. C 12-02256 JSW, 2012 WL 3074982 (N.D. Cal. July 30, 2012) is misplaced because *DeGraff* pre-dates the *CarMax* and *Poublon* decisions. *See Poublon*, 846 F.3d at 1267. Similarly, Plaintiffs' reliance on *Balan v. Tesla Motors, Inc.*, No. C19-67 MJP, 2019 WL 2635903, at *3 (W.D. Wash. June 27, 2019) is misplaced because it turned on the particular facts of that case related to whistleblower laws and Washington public policy issues. No court has cited *Balan*, and it was not decided under

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

California law.  Also, the *Balan* court compelled the plaintiff's claims to arbitration after severing the confidentiality provision from the arbitration agreement.  There is no need to sever the confidentiality and privacy provision here because it is not substantively unconscionable, but the Agreements have a severability clause if the Court disagrees.  Callaghan Decl., Exs. A-E § 10.

    **b.** **The PAGA Waiver in Version One of the Agreement Is Enforceable or, in the Alternative, Severable.**

    Plaintiffs Kindel and Camacho challenge the PAGA waiver in Version One of the Agreement, which states "[t]here will be no right or authority for any dispute to be brought, heard or arbitrated as a private attorney general representative action ('Private Attorney General Waiver')" and specifies that the waiver "shall be severable" if a court finds it is unenforceable.  Callaghan Decl., Exs. A-B, §5(c).  Plaintiffs' argument is of "no moment" because Plaintiffs' operative complaint does not assert a PAGA claim.  *See Martinez v. Ross Stores, Inc.,* No. 18-CV-04636-JD, 2019 WL 4221704, at *3 (N.D. Cal. Sept. 5, 2019) (Donato, J.).[3]  In addition, Plaintiffs relegate to a half-page, single-spaced footnote (*see* Opp. at 13, fn. 6) what should be the focus of any serious discussion of a contractual PAGA waiver: the U.S. Supreme Court's recent landmark decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), which held that "the FAA preempts the rule of *Iskanian* insofar as it precludes division of PAGA actions into individual and non-individual claims through an agreement to arbitrate."  *Id.* at 1924.  According to Plaintiffs, Version One of the Agreement contains an unenforceable "wholesale" PAGA waiver because it "make[s] no mention of . . . individual PAGA claims."  *See* Opp. at 13, fn. 6.  Plaintiffs again ignore the actual terms of the Agreement.  The section that includes the Class Action Waiver, Collective Action Waiver, and PAGA Waiver starts by stating in bold text, "**You and the**

---

[3] After Twitter filed its Motion to Compel arbitration on November 21, 22 (ECF 20), Plaintiffs filed a Second Amended Complaint ("SAC") on December 9, 2022 (ECF 40).  Neither the SAC nor Plaintiffs previous complaints state a PAGA claim.  *See* ECF Nos. 1, 6, 40.  Thus, nothing in the SAC affects the matters at issue in this motion.  Plaintiffs contend that they are in the process of exhausting administrative remedies with the LWDA.  As it stands, however, this Court lacks jurisdiction over these unexhausted and unpleaded claims.  *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 70 (2000)) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts, not a matter of judicial discretion"); *Tan v. GrubHub, Inc.*, 171 F.Supp.3d 998, 1011 (N.D. Cal. 2016).  Thus, contrary to Plaintiffs' argument, these would-be, future PAGA claims provide no basis for the Court to stay rather than dismiss Plaintiffs' claims pending the California Supreme Court's forthcoming decision in *Adolph v. Uber Technologies*, S274671, Order Granting Review (Cal. Aug. 1, 2022).  *See* Opp. at 13, n.6.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD

**Company agree to bring any dispute on an individual basis only** . . . ," and not as a class, collective, or PAGA representative claim. Callaghan Decl., Exs. A-B § 5. The section then concludes with a severability clause that explicitly distinguishes between an "individual action" and an action that would invoke the claim-aggregating devices of a class, collective, or representative PAGA action. *Id.* Notably, any purported ambiguity "should be resolved in favor of arbitration" in light of the FAA's liberal policy in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

In the wake of *Viking River*, District Courts have concluded arbitration agreements do not contain a "wholesale" PAGA waiver where, as here, the agreement distinguishes between individual actions and claim-aggregating, "representative" actions. *See, e.g., Shams v. Revature LLC,* No. 22-CV-01745-NC, 2022 WL 3453068 (N.D. Cal. Aug. 17, 2022), at *2 (enforcing PAGA waiver under *Viking River* because the "context of where 'private attorney general' appears makes clear that the waiver applies to non-individual representative actions, not [the employee's] individual PAGA claims on behalf of the State."); *Callahan*, 2022 WL 11902205, at *2 (N.D. Cal. Oct. 20, 2022).[4] Even if Version One of the Agreement had an impermissible "wholesale" PAGA waiver, it has a PAGA-specific severability provision that would require severance of the unenforceable provision. Callaghan Decl., Exs. A-B ¶¶ 5(c); *Viking River*, 142 S. Ct. at 1925. Thus, Plaintiffs cannot prove the Agreement is substantively unconscionable.

### III.   CONCLUSION

The Court should compel Plaintiffs to arbitrate their individual claims and dismiss each of the putative class claims asserted by the five original Plaintiffs.

Dated: December 12, 2022                    MORGAN, LEWIS & BOCKIUS LLP

                                                         /s/ Brian D. Berry
                                                         Brian D. Berry
                                                         Attorneys for Defendant
                                                         TWITTER, INC.

---

[4] *See also, e.g., Martinez-Gonzalez v. Elkhorn Packing Co., LLC*, No. 18-CV-05226-EMC, 2022 WL 10585178 (N.D. Cal. Oct. 18, 2022), *11; *Johnson v. Lowe's Home Centers, LLC*, No. 221CV00087TLNJDP, 2022 WL 4387796, at *2 (E.D. Cal. Sept. 22, 2022); *Radcliff v. San Diego Gas & Elec. Co.*, No. 20-CV-1555-H-MSB, 2022 WL 4229305, at *2 (S.D. Cal. Sept. 12, 2022).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

TWITTER'S REPLY IN SUPPORT OF
MTC ARBITRATION
CASE NO. 3:22-CV-06857-JD