UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL CORNET, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>TWITTER, INC.,<br><br>　　　　Defendant. | Case No. 3:22-cv-06857-JD<br><br>**ORDER RE LITIGATION NOTICE** |

In early November 2022, after a buyout by Elon Musk, defendant Twitter, Inc., laid off a substantial portion of its workforce. Named plaintiffs sued Twitter on behalf of themselves and a putative class of other Twitter employees alleging that the layoffs violated federal and state laws. The second amended complaint (SAC), which is the operative complaint, contends that the layoffs did not comply with the federal and California Worker Adjustment and Retraining Notification (WARN) Acts, 29 U.S.C. § 2101 *et seq.*, Cal. Lab. Code § 1400 *et seq*. The SAC also alleges breach of contract claims against Twitter, and violations of California employment laws. *See generally* Dkt. No. 40.

Twitter says that its employees typically agreed to arbitration clauses and class action waivers in their employment agreements. It has a pending motion to compel arbitration and strike the class allegations, Dkt. No. 18, which will be taken up in January 2023.

The question presently before the Court is whether Twitter should give employees notice of this case in connection with severance packages that include a release of claims. Plaintiffs have asked for a "protective order" requiring such notice. Dkt. No. 7. Twitter agreed not seek releases from employees pending a decision on plaintiffs' request. *See* Dkt. Nos. 14, 15. The Court expedited the briefing, and held a hearing on December 8, 2022. *See* Dkt. Nos. 15, 39.

Plaintiffs rely primarily on Federal Rule of Civil Procedure 23(d) as the basis of their request, but "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Rule 23(d) is a specific application of this broad case management authority in the class action context. *See* Fed. R. Civ. P. 23(d)(1) (authorizing orders to "protect class members and fairly conduct the action" via "appropriate notice"); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) (the Court "has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties"). Among other measures, the Court may regulate communications with potential class members. *See Gulf Oil*, 452 U.S. at 101-02.

On the record before the Court, a succinct and plainly worded notice of this case is warranted. Twitter intends to offer severance agreements to laid off employees, and its attorney stated at the hearing that it will ask for a general release as part of the package. Twitter will also ask employees to waive California Civil Code Section 1542, which would protect an employee from releasing claims that are unknown to them and that "would have materially affected [their] settlement with" Twitter. Cal. Civ. Code § 1542.

This is a textbook scenario for providing notice of a pending class action lawsuit. There is no question that Twitter has the right to communicate with its employees in the normal course of the workplace relationship, including communications about severance and releases. But the communications should not be rendered misleading by omitting material information about a pending lawsuit. That is information an employee should know before deciding to accept a severance package that contains a general release. To that end, the Manual for Complex Litigation specifically advises that courts consider "notification to the members of the proposed class that the litigation is pending" when a defendant seeks releases from putative class members. Manual, § 21.12, p. 248 (4th ed. 2004).[1]

---

[1] Although the Manual is not "a source of judicial power," *Pan Am. World Airways, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 523 F.2d 1073, 1078 (9th Cir. 1975), it is published by the Federal Judicial Center, and is regularly cited by federal courts. *See, e.g.*, *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015).

Twitter says notice is unnecessary in light of the arbitration and class action waiver clauses in the employment agreements. *See* Dkt. No. 20 at 11-14. The point is not well taken. Obtaining a release of claims without notice of the litigation would be prejudicial to employees, irrespective of whether the claims are ultimately heard in this Court or in an arbitration. In either forum, the release would bar the employees from asserting claims. Providing notice in advance of obtaining a release will also promote the fair and efficient administration of the case by curtailing disputes about the validity of a release made by an employee who was not aware of all the material facts.

Despite ample opportunity in the written briefing and during oral argument, Twitter did not present a good reason to reach a different conclusion. It also did not demonstrate that providing notice of the case would impose an undue or unreasonable burden on it, or prejudice it in any way. *See Gulf Oil*, 452 U.S. at 101.

Consequently, Twitter is directed to provide notice of the pendency of this case before asking an employee to release his or her legal claims. The parties advised the Court during the hearing that they had already started discussing what the notice should say. They are directed to finish that discussion, and file a proposed form of notice by December 19, 2022. The notice should be written in neutral and objective terms that a typical employee would understand.

**IT IS SO ORDERED.**

Dated: December 14, 2022

JAMES DONATO
United States District Judge