# EXHIBIT A

**Information Regarding Pending Lawsuits**

A federal court has authorized and required that this information be provided to you. **As you are considering whether to sign this severance and general release agreement, you should be aware of the following three pending lawsuits filed by current and former Twitter employees:**

In *Cornet, et al. v. Twitter, Inc.*, No. 3:22-cv-06857-JD, (N.D. Cal., filed Nov. 3, 2022), current and former Twitter employees have alleged claims for (1) breach of contract, (2) breach of contract based on third-party beneficiary rights, (3) promissory estoppel, (4) violation of the federal WARN Act, (5) violation of the California WARN Act, (5) failure to pay wages timely upon termination under California law, and (6) relief under the Declaratory Judgment Act.  This lawsuit primarily claims that Twitter breached an alleged promise to pay laid off employees severance pay that previously had been applicable to employees, in addition to WARN Act pay.  Plaintiffs contend that laid off employees include those who did not click "yes" in response to the email sent on November 15, 2022.

In *Borodaenko, et al. v. Twitter, Inc.*, No. 3:22-cv-07226-DMR (N.D. Cal., filed Nov. 16, 2022), former Twitter employees have alleged claims for (1) disability discrimination in violation of the Americans with Disabilities Act, (2) disability discrimination in violation of the California Fair Employment and Housing Act, (3) violation of federal Family Medical Leave Act, (4) violation of the California Family Rights Act, and (5) relief under the Declaratory Judgment Act.  This lawsuit primarily claims that Twitter failed to allow remote work as a reasonable accommodation for disabled employees and also alleges that Twitter discriminated against disabled employees and improperly terminated employees who had requested family or medical leave.

In *Strifling, et al. v. Twitter, Inc.*, No. 3:22-cv-07739-KAW (N.D. Cal. Dec. 7, 2022), Twitter employees have alleged claims for (1) gender discrimination in violation of Title VII, (2) gender discrimination in violation of the California Fair Employment and Housing Act, and (3) relief under the Declaratory Judgment Act.  This lawsuit claims that Twitter laid off women at a higher rate than men.

Plaintiffs want the courts to certify each of these lawsuits as class actions.  Twitter denies the allegations and claims in each of these lawsuits and contends that it at all times acted lawfully with respect to its employees, did not discriminate against employees, provided compliant WARN notice to all affected employees, and complied with any contractual obligations. Twitter also contends the claims in these lawsuits should not be resolved as class actions.  The courts have not decided any substantive issues in these lawsuits and have not made any rulings about whether the plaintiffs or Twitter will prevail.  The courts also have not made any decisions about whether these lawsuits may proceed as class actions or whether the plaintiffs or other employees may pursue their claims in court or are required to proceed individually in arbitration.

**If you choose to sign the severance and general release agreement, you will not be able to participate in any potential recovery that may be awarded in the *Cornet*, *Borodaenko* or *Strifling* lawsuits and you will be releasing any claims you may have against Twitter.**

Plaintiffs in these cases are represented by Shannon Liss-Riordan, Esq. and Thomas Fowler, Esq. of LICHTEN & LISS-RIORDAN, P.C., 729 Boylston Street, Suite 2000, Boston, MA 02116, (866) 534-0390, sliss@llrlaw.com, tfowler@llrlaw.com, twitterlawsuit@llrlaw.com, www.llrlaw.com.