MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, AND BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TWITTER, INC. <br><br> Defendant. | Case No. 3:22-cv-06857-JD <br><br> **TWITTER'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE AND/OR MOTION TO DISMISS** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> Date:      Thursday, February 23, 2023 <br> Time:      10:00 AM <br> Courtroom: 11 <br> Judge:     Hon. James Donato |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 23, 2023 at 10:00 AM, or as soon

thereafter as the matter may be heard before the Honorable James Donato in Courtroom 11 of the

United States District Court for the Northern District of California, located at 450 Golden Gate

Ave., 19th Floor, San Francisco, California 94102, Defendant Twitter, Inc. ("Twitter") will and

hereby does move this Court for an Order transferring this action to the United States District

Court for the District of Delaware, pursuant to 28 U.S.C. §1404(a) and the express written forum-

selection/exclusive venue provision within the contract that Plaintiffs seek to enforce.  As an

1  alternative to transfer, Twitter moves to dismiss Plaintiffs' Second Amended Complaint ("SAC")

2  due to improper venue per Federal Rule of Civil Procedure ("FRCP") 12(b)(3).  Twitter also

3  separately moves to partially dismiss Plaintiffs' SAC for failure to state a claim pursuant to FRCP

4  12(b)(6).

5  As explained in Twitter's pending Motion to Compel Arbitration ("MTC"; ECF No. 18)

6  and discussed further *infra*, the original five named plaintiffs, Camacho, Cornet, De Caires,

7  Kindel, and Pan, are all subject to binding individual arbitration agreements and should not be

8  before this Court.  (*See* MTC).  The three new plaintiffs, Kim, Barreto, and Folkins, opted out of

9  Twitter's arbitration program and are not subject to the pending MTC.  If the Court grants the

10  MTC, then the present motion to transfer under § 1404(a) and/or dismiss under FRCP 12 will

11  apply to the three new plaintiffs (who would remain the only plaintiffs before the Court). If,

12  however, the Court denies the MTC, then this motion to transfer and dismiss applies equally to

13  the five original named plaintiffs and Twitter seeks the same relief as to these plaintiffs.

14  Twitter's Motion is based on the following grounds:

15  Plaintiffs, as purported third-party beneficiaries, seek to enforce the Agreement and Plan

16  of Merger ("Merger Agreement") between Twitter and X Holdings I, Inc. and X Holdings II, Inc.

17  The Merger Agreement contains an express forum-selection provision that clearly states the

18  exclusive venue for any legal proceedings "aris[ing] out of or relating to" the Merger Agreement

19  lies in the state or federal courts of the State of Delaware.  Accordingly, transfer to the United

20  States District Court for the District of Delaware is mandated under 28 U.S.C. 1404(a) or

21  dismissal is warranted pursuant to FRCP 12(b)(3).

22  To the extent the Court does not transfer or dismiss pursuant to the forum

23  selection/exclusive venue provision, then Twitter moves to dismiss Plaintiffs' allegations and

24  substantive claims on the grounds that they fail to state a claim under the standard established in

25  *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

26  Dismissal of these claims is appropriate pursuant to FRCP 12(b)(6); specifically, Twitter moves

27  to dismiss the following claims:

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S MOTION TO TRANSFER
OR DISMISS
CASE NO. 3:22-CV-06857-JD

1.     Federal WARN Act and California WARN Act claims as to Plaintiffs Kim, Barreto, and Folkins. (SAC ¶¶ 58, 59, pp. 13-14) (Counts IV, V).

2.     Claims for violation of the California Labor Code (including the California WARN Act) as to Plaintiffs Kim, Barreto, and Folkins. (*Id.*, ¶¶ 59, 60, p. 14) (Counts V, VI).

3.     All putative class claims. (*Id.* ¶¶ 55-61, pp. 12-14) (Counts I – VII).

Twitter's Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, Twitter's Request for Judicial Notice and the Exhibits attached thereto filed concurrently herewith, oral argument of counsel at the hearing, the pleadings and records on file in this action, and such further evidence and argument as may be presented to the Court at or before the hearing on this matter.

Dated: December 23, 2022          MORGAN, LEWIS & BOCKIUS LLP

By: */s/  Eric Meckley*
Eric Meckley
Brian Berry
Attorneys for Defendant
Twitter, Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................................II

II.     FACTUAL BACKGROUND ............................................................................................... 2

        A.      Plaintiffs' Claims Relate to the Merger Agreement.............................................. 2

        B.      Plaintiffs Improperly File a Putative Class Action in the Northern District. .......... 3

III.    LEGAL ARGUMENT ......................................................................................................... 3

        A.      As an Initial Matter, The Court Should Rule Upon and Grant Twitter's
                Pending Motion to Compel Individual Arbitration............................................... 3

        B.      The Court Should Transfer this Action to the District of Delaware Based
                on the Merger Agreement's Enforceable Forum-Selection Clause. ...................... 4

                1.      Plaintiffs Initiated a Lawsuit Seeking to Enforce the Merger
                        Agreement and Are Bound by the Mandatory Forum-Selection
                        Clause. ....................................................................................................... 4

                2.      Plaintiffs Cannot Prove Any of the Limited Exceptions to
                        Enforcement of a Forum-Selection Clause. ................................................ 6

                3.      The Forum-Selection/Venue Clause Is Not Unreasonable. ........................ 7

                        a.      Plaintiffs Cannot Show Fraud or Overreaching. ............................ 7

                        b.      Plaintiffs Will Not Be Deprived of Their Day in Court................. 8

                        c.      Enforcement of The Forum-Selection Clause Will Not
                                Contravene California Public Policy............................................. 9

                4.      Plaintiffs Cannot Demonstrate that Public Interest Factors
                        Overcome the Merger Agreement's Mandate to Resolve Disputes in
                        Delaware. ................................................................................................. 10

        C.      The Court Should Dismiss Plaintiffs' Complaint Under FRCP 12(b)(6). ............ 11

                1.      Plaintiffs' WARN and California WARN Claims Should be
                        Dismissed. ................................................................................................ 11

                2.      Non-California Plaintiffs Cannot Alleged California Law Claims........... 13

                3.      Plaintiffs' Putative Class Claims Must Be Dismissed ............................. 13

IV.     CONCLUSION .................................................................................................................. 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

TWITTER'S MOTION TO TRANSFER
OR DISMISS
CASE NO. 3:22-CV-06857-JD

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adema Techs. Inc. v. Wacker Chemie AG*,
   657 Fed. Appx. 661 (N.D. Cal. 2014) ............................................................................... 6, 7

*Ard v. Yahoo!, Inc.*,
   2017 WL 8780680 (N.D. Cal. Nov. 8, 2017) ....................................................................... 12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................................... 2, 11

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
   571 U.S. 49 (2013) ................................................................................................................. 4

*Atlantic Marine Const. Co. v. U.S. District Court for the Western District of Texas*,
   134 S. Ct. 568 (2013) ...................................................................................................*passim*

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................................... 2, 11

*Besag v. Custom Decorators, Inc.*,
   2009 WL 330934 (N.D. Cal. 2009) ..................................................................................... 10

*Billings v. Ryze Claim Solutions, LLC*,
   2018 WL 2762117 (E. D. Cal. 2018, Slip Copy) ............................................................ 7, 10

*Boston Telecomm'cns Group v. Wood*,
   588 F.3d 1201 (9th Cir. 2009) ............................................................................................. 10

*Bromlow v. D & M Carriers, LLC*,
   438 F.Supp.3d 1021 (N.D. Cal. 2020) ................................................................................... 4

*Carnival Cruise Lines v. Shute*,
   499 U.S. 585 (1991) ............................................................................................................... 6

*Chavez v. Wal-Mart Stores, Inc.*,
   2014 WL 12591252 (C.D. Cal. June 2, 2014) ..................................................................... 14

*Cook v. Fox*,
   537 F.2d 370 (9th Cir. 1976) ............................................................................................... 11

*Diamond Multimedia Systems, Inc. v. Superior Court*,
   19 Cal.4th 1036 (Cal. 1999) ................................................................................................ 13

*E. & J. Gallo Winery v. Andina Licores S.A.*,
   446 F.3d 984 (9th Cir. 2006) ................................................................................................. 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

TWITTER'S MOTION TO TRANSFER
OR DISMISS
CASE NO. 3:22-CV-06857-JD

*East Bay Women's Health, Inc. v. gloStream, Inc.*,
2014 WL 1618382 (N.D. Cal. 2014)............................................................................ 9

*eBay, Inc. v. Digital Point Solutions, Inc.*,
608 F. Supp. 2d 1156 (N.D. Cal. 2009) ...................................................................... 4

*Foster v. Nationwide Mut. Ins. Co.*,
2007 WL 4410408 (N.D. Cal. 2007)............................................................................ 9

*Gray v. Golden Gate Nat. Recreational Area*,
279 F.R.D. 501 (N.D. Cal. 2011) .............................................................................. 13

*Harland Clarke Holdings Corp. v. Milken*,
997 F. Supp.2d 561 (W.D. Tex. 2014)........................................................................ 5

*Huddleston v. John Christner Trucking, LLC*,
2017 WL 4310348 (E.D. Cal. 2017, Slip Copy)................................................ 7, 9, 10, 11

*Lentini v. Kelly Services, Inc.*,
2018 WL 921984 (N.D. Cal. 2017, Slip Copy) ....................................................... 7, 8, 10

*Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
244 F.3d 1152 (9th Cir. 2001)................................................................................... 12

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972)................................................................................................ 6, 7, 9

*Mahoney v. DePuy Orthopaedics, Inc.*,
2007 WL 3341389 (E.D. Cal. 2007) ........................................................................... 8

*Marcotte v. Micros Sys., Inc.*,
2014 WL 4477349 (N.D. Cal. 2014)........................................................................... 8

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004).............................................................................. 7, 8

*Naartex Cons. Corp. v. Watt*,
722 F.2d 779 (D.C. Cir. 1983) .................................................................................. 11

*Nguyen v. Barnes & Nobel, Inc.*,
763 F.3d 1171 (9th Cir. 2014)................................................................................ 5, 6

*Norwest Mortgage, Inc. v. Superior Court*,
72 Cal.App.4th 214 (Cal. App. 1999) ....................................................................... 13

*Pelleport Investors, Inc. v. Budco Quality Theatres*,
741 F. 2d 273 (9th Cir. 1984).................................................................................... 8

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) .................................................................................................. 13

*Richards v. Lloyd's of London*,
   135 F.3d 1289 (9th Cir. 1998) ..................................................................................... 7

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*,
   915 F.2d 1351 (9th Cir. 1990) ..................................................................................... 5

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) .................................................................................................. 14

*Walters v. Famous Transports, Inc.*,
   488 F. Supp.3d 930 (N.D. Cal. 2020) ......................................................................... 5

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................... 6, 9

29 U.S.C. § 2101(a)(5) .............................................................................................. 12

29 U.S.C. § 2101(a)(6) .............................................................................................. 12

29 U.S.C. § 2102(a) .................................................................................................. 12

Cal. Labor Code § 1401(a) ........................................................................................ 12

California WARN Act ............................................................................................ 3, 13

**Other Authorities**

Fed. R. Civ. P.
   8(a) ......................................................................................................................... 11
   12(b)(3) ......................................................................................................... 1, 11, 15
   12(b)(6) .............................................................................................................. *passim*
   12(f) ..................................................................................................................... 2, 14
   23(a) ....................................................................................................................... 14
   23(b) ....................................................................................................................... 14
   23(b)(3) ................................................................................................................... 13
   23(c)(2) ................................................................................................................... 13

https://dol.ny.gov/system/files/documents/2022/11/warn-twitter-nyc-2022-0050-
   11-8-2022_0.pdf ....................................................................................................... 12

https://fortress.wa.gov/esd/file/warn/Public/SearchWARN.aspx ................................. 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

I.      **INTRODUCTION**

Plaintiffs Kim, Barreto, and Folkins ("Plaintiffs") are employed by Twitter, Inc. ("Twitter" or "Defendant"). On April 25, 2022, X Holdings I, Inc. and X Holdings II, Inc. entered into an Agreement and Plan of Merger with Twitter ("Merger Agreement"). The merger closed October 27, 2022. Plaintiffs claim that they and putative class members are entitled to severance benefits as third-party beneficiaries under the Merger Agreement and/or pursuant to promises allegedly made to them premised upon the Merger Agreement. (*See* Second Amended Complaint "SAC," ¶¶ 55 – 57, pp. 12-14), Counts I - III).

In their haste to file this lawsuit and allege a purported right to enforce the Merger Agreement and alleged promises based thereon, Plaintiffs ignored a key term in the Merger Agreement: the exclusive venue and forum-selection provision, which expressly mandates that any actions relating to the Merger Agreement proceed only in the federal or state courts of Delaware. (Request for Judicial Notice "RFJN"; Exh. A, Merger Agreement § 9.10, at *71). Plaintiffs cannot "pick and choose" which provisions of the Merger Agreement they want to enforce and which they want to ignore; rather, if they claim the ability to enforce one of its terms, then in equal measure they must comply with and be bound by its other terms. As alleged third-party beneficiaries under the Merger Agreement, Plaintiffs are bound by the exclusive venue and forum-selection provision and must litigate their contract-based claims in Delaware.

Because the forum-selection and venue provision is express, to the extent Plaintiffs object to its enforcement, they bear the burden of establishing it is unenforceable. However, courts within the Northern District have recognized only limited circumstances under which an express forum-selection and venue provision may not be enforced, and none of those factors exist here. This Court should grant this Motion and transfer this action to the United States District Court for the District of Delaware, or, alternatively, dismiss Plaintiffs' Complaint for "improper venue" pursuant to FRCP 12(b)(3).[1]

---

[1] As stated in the Notice of Motion, Twitter's present Motion applies equally to the original named plaintiffs, Camacho, Cornet, De Caires, Kindel, and Pan, in the event that the Court does not grant Twitter's pending Motion to Compel ("MTC"; ECF No. 18) and Camacho, Cornet, De Caires, Kindel, and Pan are not compelled to individual arbitration.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

TWITTER'S MOTION TO TRANSFER
OR DISMISS
CASE NO. 3:22-CV-06857-JD

1    In the event the Court does not transfer the entire action (or only transfers the contract-

2    based claims), the Court should dismiss the following claims under Rule 12(b)(6): (1) The federal

3    WARN Act and California WARN Act claims of Plaintiffs Kim, Barreto, and Folkins, because

4    the SAC clearly alleges they received proper notice in compliance with these WARN statutes (*see*

5    SAC ¶¶ 14 - 16).[2]  (2) The California Labor Code claims of Plaintiffs Kim, Barreto, and Folkins

6    because the SAC clearly alleges they are residents of, and worked for Twitter in, states other than

7    California, and therefore California law does not apply to them.  (*Id*.).

8    The Court also should dismiss under FRCP 12(b)(6) or strike under FRCP 12(f) Plaintiffs'

9    putative class claims for failure to meet the pleading standards articulated under *Bell Atlantic v.*

10   *Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

11   **II.    FACTUAL BACKGROUND**

12        **A.    Plaintiffs' Claims Relate to the Merger Agreement.**

13   Plaintiffs claim that Twitter breached the Merger Agreement, and that they have standing

14   to enforce the agreement as third-party beneficiaries. (SAC ¶ 56, p. 12) (alleging Twitter has

15   "breached its contractual obligation under the merger agreement . . . . Twitter employees were

16   third-party beneficiaries to that agreement, . . . .").  The Merger Agreement includes a choice of

17   law provision that states:

18        Section 9.8 Governing Law.  This Agreement and all actions, proceedings, or
     counterclaims (whether based on contract, tort or otherwise) arising out of or
19   relating to this Agreement, or the actions of . . . [Twitter] in the negotiation,
     administration, performance and enforcement thereof, shall be governed by, and
20   construed in accordance with, the laws of the State of Delaware, without giving
     effect to any choice or conflicts of laws provision or rule (whether of the State of
21   Delaware or any other jurisdiction) that would cause the application of the Laws of
     any jurisdiction other than the State of Delaware.
22
23   (RFJN; Exhibit A, Merger Agreement § 9.8, at *69).

24   The agreement also includes an exclusive venue and forum-selection provision:

25        Section 9.10. Consent to Jurisdiction.  (a) Each of the parties hereto hereby (i)
     expressly and irrevocably submits to the ***exclusive personal jurisdiction of the***
26   ***Delaware Court of Chancery, any other court of the State of Delaware or any***
     ***federal court sitting in the State of Delaware*** in the event any dispute arises out of
27

28   _____
[2] To the extent the Court does not grant the MTC, the WARN claims of De Caires, Kindel, and
Pan should be dismissed for the same reason (*i.e.*, they received compliant WARN notice).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

this Agreement . . . , (iii) *agrees that it will not bring any action relating to this Agreement* . . . in any court *other than* [the federal and state courts] of Delaware, (iv) *waives*, . . . , *any objection* which it may now or hereafter have *to the laying of venue of any suit, action or proceeding arising out of or relating to this Agreement*

(*Id.*; § 9.10, at *71) (emphasis added).

### B.   Plaintiffs Improperly File a Putative Class Action in the Northern District.

On December 9, 2022, Plaintiffs filed the SAC alleging (1) breach of contract as third-party beneficiaries to the Merger Agreement, as well as breach of an unspecified contract on behalf of an undefined group of employees relating to "benefits and severance pay" under the Merger Agreement; (2) promissory estoppel based on alleged promises that "they would receive the same benefits and severance pay following Elon Musk's purchase of the company"; (3) violation of the federal Worker Adjustment and Retraining Notification Act, ("WARN Act"), (4) the California WARN Act, and (5) allegedly failing to provide employees' final pay and benefits on the same day that they were terminated, in violation of California Labor Code ("Cal. Wage Payment Claims").  (SAC ¶¶ 55 – 61, pp. 12-14).

## III.   LEGAL ARGUMENT

### A.   As an Initial Matter, The Court Should Rule Upon and Grant Twitter's Pending Motion to Compel Individual Arbitration.

As of the filing of the present Motion, separately pending before the Court is Twitter's Motion to Compel Arbitration ("MTC"), which is scheduled to be heard on January 12, 2023. (ECF No. 18).  The Court's ruling on the MTC will have ramifications for the present Motion because, for example, only Cornet, De Caires, and Pan are residents of California and if they are out of the case, none of the other named Plaintiffs have standing to bring claims under California law, including Count V (California WARN Act) and Count VI (Cal. Wage Payment Claims). (*See* SAC ¶¶ 14 – 16; 59, 60).  Conversely, if the Court denies the MTC, then the rationale for transfer or dismissal pursuant to the forum-selection provision applies equally to *all* named Plaintiffs – including the five original named Plaintiffs – all of whom assert claims arising from and relating to the Merger Agreement.  (SAC ¶¶ 55 – 57, pp. 12-14) (Counts I - III).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

**B.**     **The Court Should Transfer this Action to the District of Delaware Based on the Merger Agreement's Enforceable Forum-Selection Clause.**

Plaintiffs cannot dispute that their breach of contract-based claims are directly predicated on the Merger Agreement and alleged promises that were made based upon the Merger Agreement.[3]  The exclusive venue and forum-selection provision clearly applies to these claims because this provision covers any action "relating to" the Merger Agreement.  *Bromlow v. D & M Carriers, LLC*, 438 F.Supp.3d 1021, 1027 (N.D. Cal. 2020) ("A clause that covers disputes *relating to* an agreement, . . . , is broad[] and covers any dispute with some logical or causal connection to the agreement.") (emphasis added).

When evaluating whether to transfer an action pursuant to a forum-selection clause, courts consider (1) whether the lawsuit falls within the scope of the forum-selection clause, (2) whether the clause is valid and enforceable, and (3) whether public interest factors weigh against enforcement.  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). Each element supports transfer here: This action clearly "relat[es] to" the Merger Agreement and is subject to its forum-selection clause.  The clause is valid and enforceable.  None of the public interest factors weigh against transfer.

**1.**     **Plaintiffs Initiated a Lawsuit Seeking to Enforce the Merger Agreement and Are Bound by the Mandatory Forum-Selection Clause.**

In the Ninth Circuit, a third-party beneficiary is bound by the terms of the agreement they seek to enforce, including, specifically, a mandatory forum-selection clause. *eBay, Inc. v. Digital*

---

[3] As to this latter point, despite twice amending the complaint, Plaintiffs fail to identify any specific promises based on anything *other than* the Merger Agreement -- the "FAQs" referenced by Plaintiffs in their Motion for a Protective Order (*see* ECF No. 7) were *about the* Merger Agreement). (SAC ¶ 29 - 30) ("This promise regarding severance pay and benefits was also included in Twitter's merger agreement . . . [and] was also communicated by Twitter to its employees . . . [including via] a Frequently Asked Questions (FAQs) document."); *see also* (Decl. of Justine De Caires, ECF No. 7-2 Exhibit B) (May 19, 2022 FAQ: "[Q:] What's happening? [A:] Twitter has entered into a definitive agreement to be acquired by a private entity affiliated with Elon Musk . . .  we expect the transaction to close in 2022"; July 13, 2022 FAQ Update: "What does Mr. Musk's notice mean? Is the deal now officially off? No . . . . As we noted in our press release . . . the Twitter Board is committed to closing the merger . . . ."; October 20, 2022 FAQ Update: "with the anticipated closing of the merger agreement, there are a lot of teams working in the background to prepare for the transition.  We will continue to update").

1    *Point Solutions, Inc.*, 608 F. Supp. 2d 1156, 1162 (N.D. Cal. 2009) (citing *TAAG Linhas Aereas*

2    *de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990)) ("In the Ninth

3    Circuit, a third-party beneficiary of an agreement is bound by the terms of the agreement,

4    *including a valid forum selection clause*.") (emphasis added).  An alleged third-party beneficiary

5    is estopped from ignoring the burdens of the agreement when seeking to enforce its benefits.

6    *Nguyen v. Barnes & Nobel, Inc.*, 763 F.3d 1171, 1179 (9th Cir. 2014) (recognizing the doctrine of

7    direct benefits estoppel, which "typically applies to third parties who benefit from an agreement

8    made between two primary parties"); accord *Walters v. Famous Transports, Inc.*, 488 F. Supp.3d

9    930, 936 (N.D. Cal. 2020) (holding that non-signatories were bound by a forum selection clause

10   because "direct benefits estoppel holds a non-signatory to a clause in a contract if it knowingly

11   exploits the agreement containing the clause").  "Under this theory, a non-signatory to a contract

12   may be bound by that contract's forum selection clause if the non-signatory [1] seeks to enforce

13   terms of the contract, [2] asserts claims that must be determined by reference to that contract, or

14   [3] knowingly seeks and obtains direct benefits from the contract." *Id*.

15         Here, the Plaintiffs clearly "seek[] to enforce terms of the [Merger Agreement]" and

16   "assert[] claims that must be determined by reference to [the Merger Agreement]." *Walters*, 488

17   F. Supp.3d at 936.  Plaintiffs' claims are a textbook example of alleged third-party beneficiaries

18   who must be bound by a forum-selection clause in the contract they seek to enforce. *Id.* (binding

19   non-signatory plaintiffs to a forum-selection clause because, "based on the allegations in the

20   operative complaint, plaintiffs have invoked benefits that derive from the Operating Agreement . .

21   . . Under the theory of direct benefits estoppel, this is enough to estop plaintiffs from avoiding the

22   reach of the Operating Agreement's forum selection clause.").  Here, the Merger Agreement

23   requires Plaintiffs to "expressly and irrevocably submit[] to the exclusive personal jurisdiction of

24   [the courts of Delaware]" and prohibits Plaintiffs from bringing "any action relating to this

25   Agreement . . . in any court other [than the] courts of Delaware."  (RFJN; Exhibit A, Merger

26   Agreement § 9.10).  As alleged third-party beneficiaries of the Merger Agreement, Plaintiffs have

27   waived any arguments regarding personal jurisdiction via the "expressions of consent therein."

28   *Harland Clarke Holdings Corp. v. Milken*, 997 F. Supp.2d 561, 585 (W.D. Tex. 2014) (holding

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

1    that "a party bound by a forum-selection clause is bound by the expression of consent therein, and

2    has thereby sufficiently consented to the designated forum for purposes of § 1404(a).").

3        Under *Nguyen* and its progeny, Plaintiffs are estopped from disclaiming the forum-

4    selection clause.  Twitter is authorized to enforce the terms of the Merger Agreement and is

5    entitled to the bargained-for benefits of the forum-selection clause.  (*See* RFJN; Exhibit A Merger

6    Agreement § 1.01).  The Court should transfer all claims to the District Court of Delaware.  To

7    the extent the Court finds specific claims in the SAC do not relate to the Merger Agreement, then

8    the Court should sever such claims and transfer Counts I – III of the SAC to the District Court of

9    Delaware.  (SAC ¶¶ 55 – 57, pp. 12-14).

10       **2.**    **Plaintiffs Cannot Prove Any of the Limited Exceptions to Enforcement
11   of a Forum-Selection Clause.**

12       Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the

13   interest of justice, a district court may transfer any civil action to any other district or division

14   where it might have been brought or to any district or division to which all parties have

15   consented."  28 U.S.C. § 1404(a).  The United States Supreme Court has held that "[i]n the light

16   of present-day commercial realities and expanding international trade[,]  ...  [a] forum [selection]

17   clause should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata*

18   *Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Carnival Cruise Lines v. Shute*, 499 U.S. 585

19   (1991).  A party challenging enforcement of a forum-selection clause bears the burden of showing

20   that enforcement is unwarranted.  *See Atlantic Marine Const. Co. v. U.S. District Court for the*

21   *Western District of Texas*, 134 S. Ct. 568, 583 (2013) ("[w]hen parties have contracted in advance

22   to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties'

23   settled expectations").  The Ninth Circuit has stated that "[i]t is . . . clear that the Supreme Court

24   has established a strong policy in favor of the enforcement of forum-selection clauses." *E. & J.*

25   *Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006).  Courts in the Northern

26   District favor enforcement of forum-selection/venue clauses and require a party challenging

27   enforcement to prove one of the limited exceptions to enforcement.  *See Adema Techs. Inc. v.*

28   *Wacker Chemie AG*, 657 Fed. Appx. 661, 663 (N.D. Cal. 2014) ("as the party defying the forum-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

1    selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which

2    the parties bargained is unwarranted") (alteration in original) (quoting *Atlantic Marine*, 134 S. Ct.

3    at 581), *aff'd.*, 2016 WL 4045297 (9th Cir. July 28, 2016)).  "A forum-selection clause should be

4    enforced unless the party challenging enforcement of such a provision can show it is

5    unreasonable." *Lentini v. Kelly Services, Inc.*, 2018 WL 921984, at *1 (N.D. Cal. 2017, Slip

6    Copy), citing to *M/S Bremen*, 407 U.S. at 10.

7         A forum-selection clause may be found unreasonable only if the challenging party can

8    prove: (1) the incorporation of the forum-selection clause was the product of fraud or

9    overreaching; (2) enforcing the clause would effectively deprive the plaintiff of his day in court;

10   or (3) enforcement would contravene a strong public policy of the forum in which the suit is

11   brought.  *Adema*, 657 Fed. Appx. at 663.  If the forum-selection/venue clause is not unreasonable,

12   then the Court may deny a motion to transfer only if Plaintiffs can prove extraordinary

13   circumstances justifying non-enforcement.  "Only under extraordinary circumstances unrelated to

14   the convenience of the parties should a court deny a party's request to enforce a forum-selection

15   clause." *Adema Techs.*, 2014 WL 3615799, at *2 (quoting *Atlantic Marine*, 134 S. Ct. at 581).

16   For example, a plaintiff must show that trial in the contractual forum would be so gravely difficult

17   and inconvenient that they will for all practical purposes be deprived of their day in court.  *M/S*

18   *Bremen*, 407 U.S. at 18; *compare Lentini*, 2018 WL 921984 at *3-4 (analyzing § 1404

19   convenience factors following analysis of whether clause unreasonable); *with Billings v. Ryze*

20   *Claim Solutions, LLC*, 2018 WL 2762117, at *14-15 (E. D. Cal. 2018, Slip Copy) (subsuming §

21   1404 convenience factors into the unreasonableness analysis).

22         **3.    The Forum-Selection/Venue Clause Is Not Unreasonable.**

23              **a.    Plaintiffs Cannot Show Fraud or Overreaching.**

24         A forum-selection clause may not be enforced if its inclusion in the agreement resulted

25   from fraud or overreaching.  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004)

26   citing to *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998).  However, mere

27   unequal bargaining power between the parties is insufficient to establish fraud or overreach.

28   *Huddleston v. John Christner Trucking, LLC*, 2017 WL 4310348, at *8 (E.D. Cal. 2017, Slip

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

1   Copy) ("the Ninth Circuit has rejected the argument that unequal bargaining power is a ground to

2   reject enforcement of a forum-selection clause.")  citing to *Marcotte v. Micros Sys., Inc.*, 2014

3   WL 4477349, at *7 (N.D. Cal. 2014).  California district courts have rejected fraud and overreach

4   arguments based on a party's relative lack of sophistication.  *See Perez v. CRST International*,

5   2018 WL 921984 at *3 (C.D. Cal. 2018, Slip Copy).

6          Here, Plaintiffs cannot establish that the forum-selection clause resulted from fraud or

7   overreach.  The Merger Agreement was negotiated and drafted by highly-sophisticated parties

8   and their counsel as part of an arm's-length transaction.  By pursuing a lawsuit to enforce the

9   Merger Agreement, Plaintiffs and their counsel knew (or should have known) about the forum-

10  selection clause *before* they filed this lawsuit.  Plaintiffs allege their attention was continuously

11  directed to the Merger Agreement for several months via town halls and emails.  (SAC ¶¶ 23 -

12  30) (in order to "allay employees' concerns," about the post-merger environment, "promise[s]

13  regarding benefits and severance pay . . . were communicated to employees orally (including at

14  periodic 'all-hands' meetings) and in writing by Twitter's management," and were "also included

15  in Twitter's merger agreement . . . that would serve as the vehicle[] for the acquisition").  The

16  Merger Agreement has been publicly available on-line and elsewhere since April 25, 2022, and

17  Plaintiffs voluntarily sought to exploit its benefits only after they were aware of its existence.

18  (RJFN; Exhibit A, Merger Agreement §§ 1.01 *et seq*.).

19          **b.      Plaintiffs Will Not Be Deprived of Their Day in Court.**

20          A forum-selection clause will not be enforced if the clause will effectively deprive the

21  plaintiffs of their day in court.  *Murphy*, 362 F.3d at 1141; *Mahoney v. DePuy Orthopaedics, Inc.*,

22  2007 WL 3341389, at *9 (E.D. Cal. 2007) (plaintiff must show that litigating in the forum would

23  be "so difficult and inconvenient that the party would effectively be denied a meaningful day in

24  court").  Here, Plaintiffs will not be deprived of their day in court simply by having to travel, as

25  travel alone is insufficient to meet this heavy burden.  *Pelleport Investors, Inc. v. Budco Quality*

26  *Theatres*, 741 F. 2d 273, 281 (9th Cir. 1984) (being forced to travel from the East Coast to

27  California did not equate to being denied a meaningful day in court).  Also, given the geographic

28  realities of Plaintiffs and their counsel, a transfer to the District Court of Delaware would not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

1    result in any meaningful hardship.  Plaintiff Barreto lives in New York, which is *closer to*

2    *Delaware* than California.  Plaintiffs Kim and Folkins live in Seattle, which is *more than eight-*

3    *hundred miles from San Francisco*; litigating in San Francisco is not more convenient for them

4    than in Delaware.  (RFJN; Exhibit C, Seattle, WA to San Francisco, CA).  Plaintiffs' counsel

5    maintains her primary office in Boston, Massachusetts, which is *closer to Delaware* than

6    California.  Also, transferring this action to the District Court of Delaware will not require

7    substantially more time investment from Plaintiffs themselves.  *Huddleston*, 2017 WL 4310348,

8    at *8 (serving as plaintiff in a class action would not necessitate frequent travel to the forum state

9    nor would it require more time away from work than litigating in California). Plaintiffs seek to

10    prosecute claims on behalf of a putative *nationwide* class, so litigating these claims in Delaware

11    will have no greater inconvenience to putative class members than litigating in California.

12          To the extent that the Court finds any specific claims in the SAC are not "related to" the

13    Merger Agreement, the forum-selection clause will not deprive Plaintiffs of the ability to litigate

14    such claims.  United States District Courts routinely apply the laws of other forum states, and the

15    District Court of Delaware can readily apply California, New York, or Washington law to

16    Plaintiffs' claims, to the extent necessary.  *Foster v. Nationwide Mut. Ins. Co.*, 2007 WL

17    4410408, at *6 (N.D. Cal. 2007) (federal courts in other states are "fully capable of applying

18    California law."); *see also Atlantic Marine*, 134 S. Ct. at 584 ("federal judges routinely apply the

19    law of a State other than the State in which they sit.").

20

21            **c.**      **Enforcement of The Forum-Selection Clause Will Not**
                  **Contravene California Public Policy.**

22          A forum-selection clause is "unreasonable" if its enforcement would contravene a strong

23    public policy of the forum in which suit is brought. *East Bay Women's Health, Inc. v. gloStream,*

24    *Inc.*, 2014 WL 1618382 at *1 (N.D. Cal. 2014); citing to *M/S Bremen*, 407 U.S. at 12–18.

25    *Atlantic Marine*, 134 S. Ct. at 577 (holding that party resisting transfer under § 1404(a) and a

26    forum-selection clause bears the burden of showing a violation of public policy).  As noted *supra*,

27    any argument that Delaware courts will be less protective of Plaintiffs would be mere speculation.

28    *East Bay Women's Health*, 2014 WL 1618382 at *3 ("plaintiffs' argument that Michigan state

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

1   laws might provide them with less protection than California's Unfair Competition Law is

2   unavailing") *citing Besag v. Custom Decorators, Inc.*, 2009 WL 330934, at *10 (N.D. Cal. 2009)

3   (a forum-selection clause determines only where an action will be heard.   Because the forum-

4   selection clause will not deprive Plaintiffs of their opportunity to litigate their claims, they cannot

5   demonstrate that the enforcement of the forum-selection clause would violate California public

6   policy. *Billings*, 2018 WL 2762117, at *14 (finding the choice-of-law clause in tandem with the

7   forum-selection clause did not result in a waiver of plaintiff's California state law claims.).

8   **4.**    **<u>Plaintiffs Cannot Demonstrate that Public Interest Factors Overcome</u>**

9   **<u>the Merger Agreement's Mandate to Resolve Disputes in Delaware.</u>**

10       A forum-selection clause "changes the calculus" and district courts must give a plaintiff's

11   choice of forum no weight and deem the "private interest factors" to weigh in favor of the forum

12   identified in the forum-selection clause. *Atlantic Marine*, 134 S. Ct. at 581. The district court

13   may consider arguments as to public-interest factors only, which rarely defeat a transfer motion.

14   *Id*.  Public interest factors include: "(1) the local interest in the lawsuit; (2) the court's familiarity

15   with the governing law; (3) the burden on local courts and juries; (4) congestion in the court; and

16   (5) the costs of resolving a dispute unrelated to a particular forum." *Lentini*, 2018 WL 921984 at

17   *4, citing to *Boston Telecomm'cns Group v. Wood*, 588 F.3d 1201, 1211 (9th Cir. 2009).

18       Here, Twitter is a Delaware corporation. (SAC ¶ 18) None of the Plaintiffs who opted out

19   of the arbitration agreement live within eight hundred miles of San Francisco, and none have

20   standing to pursue California law claims.  Plaintiffs' breach of contract-based claims are asserted

21   on behalf of an alleged nationwide class.  Plaintiffs cannot show that California has a greater

22   interest in the lawsuit than Delaware. *Billings*, 2018 WL 2762117 at *15 (despite California

23   claims, the corporation-defendant's home state had "a substantial interest because one of its

24   corporations is the subject of a class action that literally spans all 50 states").  However, to the

25   extent the Court finds that Plaintiffs claims are based either on California law or the law of

26   another state, this fact alone should not weigh against transfer.  Federal judges routinely apply the

27   law of states other than where they sit, Plaintiffs cannot show that Delaware would be

28   substantially less familiar with the law than would California. *Huddleston*, 2017 WL 4310348, at

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

1 *11.

2    The burden on local courts and juries and congestion in the courts favor adjudication in

3 the District Court of Delaware, rather than in the Northern District of California.  Statistics

4 regarding the 12-month period ending September 30, 2022 reflect that both the number of cases

5 filed and number of cases pending in the Northern District of California were more than *four-and-*

6 *a-half times* those filed and pending in the District Court of Delaware.  (*See* RFJN; Exhibit B,

7 United States District Courts – National Judicial Caseload Profile).

8    Nor will the costs to litigate in the District Court of Delaware be more than the costs to

9 litigate in California.  *Huddleston*, 2017 WL 4310348, at *8.  Witnesses for both parties are

10 dispersed throughout the country and Plaintiffs counsel's costs associated with traveling to

11 Delaware will be negligible – and undoubtedly *far less* than traveling to California.  Plaintiffs

12 cannot show that the convenience factors overwhelmingly disfavor a transfer.  *Atlantic Marine*,

13 134 S. Ct. at 585.[4]

14    **C.    The Court Should Dismiss Plaintiffs' Complaint Under FRCP 12(b)(6).[5]**

15    To survive dismissal under FRCP 12(b)(6), "factual allegations must be enough to raise a

16 right to relief above the speculative level" and "more than labels and conclusions, and a formulaic

17 recitation of the elements of a cause of action," must be alleged.  *Twombly*, 550 U.S. at 555.

18 Although FRCP 8(a) "does not require 'detailed factual allegations . . . it demands more than an

19 unadorned, the-defendant-unlawfully-harmed-me accusation.'"  *Iqbal*, 556 U.S. at 678.  In other

20 words, "a complaint must contain sufficient factual matter, accepted as true, to '*state a claim to*

21 *relief that is plausible on its face.*'" *Id.* (emphasis added).

22    **1.    Plaintiffs' WARN and California WARN Claims Should be Dismissed.**

23    Plaintiffs fail to state a WARN Act and California WARN Act violation because they

24 admit that they received adequate notice, and thus fail to state a necessary element of their *prima*

25

26 [4] In the alternative, the Court can find that dismissal under FRCP 12(b)(3) is appropriate.
*Naartex Cons. Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) (citing *Cook v. Fox*, 537 F.2d
370, 371 (9th Cir. 1976) (finding whether transfer or dismissal is appropriate "rests within the
sound discretion of the district court.").

27

28 [5] If the Court denies Twitter's Motion to Transfer Venue, then it should rule upon the Motion to
Dismiss pursuant to FRCP 12(b)(6).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

*facie* case.  Under federal WARN, a *prima facie* claim requires plaintiffs to plausibly allege they did not receive "timely notice," (defined as 60 days' notice), of a "mass layoff."  29 U.S.C. § 2102(a); *Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1156-57 (9th Cir. 2001).  Under California WARN, a *prima facie* claim requires plaintiff to plausibly allege they were subject to a "mass layoff" at a "covered establishment" and did not receive 60 days' notice. Cal. Labor Code § 1401(a); *Ard v. Yahoo!, Inc.*, 2017 WL 8780680, at \*14 (N.D. Cal. Nov. 8, 2017).

Here, the SAC demonstrates that each Plaintiff received WARN-compliant notice of their terminations.  Specifically, Twitter notified Kim "[o]n November 4, 2022, . . . that she had been laid off effective January 4, 2023" which is a period of 61 days' notice.  (SAC ¶ 14); (RFJN; Exhibit D).  Twitter notified Barreto "[o]n November 4, 2022, . . . that he had been laid off effective February 4, 2023" which is a period of 91 days' notice—Barreto's notice period was longer because Twitter was complying with New York state law.  (SAC ¶ 15); (RFJN; Exhibit D).  Twitter notified Folkins "on or about November 17, 2022 . . . that he would be separated from the company effective January 20, 2023" which is a period of 63 days' notice.  (SAC ¶ 16); (RFJN; Exhibit D).  Consistent with its obligations under the WARN Act and applicable state law, Twitter also timely notified all applicable state and local authorities of the November 4 reduction in force.  *See* ECF No. 20-1 Decl. of Fix Conti, at ¶ 5.  These included the government authorities in Seattle (*see*  https://fortress.wa.gov/esd/file/warn/Public/SearchWARN.aspx) and New York (*see* https://dol.ny.gov/system/files/documents/2022/11/warn-twitter-nyc-2022-0050-11-8-2022_0.pdf).  (RFJN; Exhibit D).  Although employees who voluntarily chose not to continue working for Twitter by not clicking "Yes" on November 17, 2022 were not involuntarily terminated by Twitter and not required to receive any WARN Notice (*see* 29 U.S.C. §§ 2101(a)(5), (6)), Twitter nonetheless still provided such persons advance notice of termination that was sufficient to comply with WARN.

Here, it is simply *implausible* that Twitter violated federal or California WARN where Plaintiffs allegations demonstrate compliance with the requisite notice requirements.  (SAC ¶¶ 14 - 16).  Plaintiffs actually allege: "[f]or a number of employees who were laid off, Twitter did

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

1  provide 60 days' notice." (*see, e.g.,* SAC ¶ 39).  Plaintiffs admit that *they* received adequate

2  notice of their layoff, and Twitter undisputedly provided adequate notice to the appropriate

3  municipal authorities. (SAC ¶¶ 14 - 16) (RFJN; Exhibit D).  Because Plaintiffs have failed to state

4  a necessary element of their WARN claims and dismissal under FRCP 12(b)(6) is mandated.

5          **2.**    **Non-California Plaintiffs Cannot Alleged California Law Claims.**

6        None of the Plaintiffs reside in California, nor did they work in California offices while

7  working for Twitter.[6] (SAC ¶¶ 14 - 16).  The Court should dismiss Plaintiffs' California WARN

8  Act and California Labor Code claims because a presumption exists against extraterritorial

9  application of California laws.  *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal.4th

10  1036, 1059 (Cal. 1999).  Nothing in the California Labor Code clearly expresses any intent for its

11  application to persons outside of California, and thus the presumption against extraterritoriality

12  applies.  *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 222-225 (Cal. App.

13  1999).  An extraterritorial application of California laws to the non-California plaintiffs also

14  would violate the due process clause in the 14th Amendment of the United States Constitution,

15  which imposes limits on the extraterritorial application of state law.  *See Phillips Petroleum Co.*

16  *v. Shutts*, 472 U.S. 797, 818 (1985) (holding that "for a State's substantive law to be selected in a

17  constitutionally permissible manner, the State must have a significant contact or significant

18  aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor

19  fundamentally unfair.").

20          **3.**    **Plaintiffs' Putative Class Claims Must Be Dismissed**

21        Plaintiffs' SAC is a "textbook case" of the failure to adequately plead plausible class

22  action claims.  Indeed, the MANUAL FOR COMPLEX LITIGATION, FOURTH ("MANUAL") § 21.222

23  makes clear that "defining the class is of critical importance because it identifies the persons (1)

24  entitled to relief, (2) bound by a final judgment, and (3) entitled under Rule 23(c)(2) to the best

25  notice practicable in a Rule 23(b)(3) action.  The definition must be precise, objective, and

26  presently ascertainable." *See also Gray v. Golden Gate Nat. Recreational Area*, 279 F.R.D. 501,

27

28  ---

[6] Of the named Plaintiffs who signed arbitration agreements and are subject to the pending motion to compel, only Cornet, De Caires and Pan are residents of California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

1   508 (N.D. Cal. 2011) ("A class definition should be precise, objective, and presently

2   ascertainable.").  In order "to prevail in their efforts to certify a class, proponents must satisfy two

3   sets of requirements: those set forth in Rule 23(a) and those contained in Rule 23(b). Rule 23(a)

4   requires that (1) the proposed class be sufficiently numerous; (2) there is at least one common

5   question of fact or law; (3) the named plaintiff's claims are typical of the class as a whole; and (4)

6   the named plaintiff will adequately represent the class." MANUAL § 21.131.

7          Here, Plaintiffs do not even attempt to define a class, making only passing reference to

8   "thousands of other Twitter employees" or "other similarly situated Twitter employees."  (*See*

9   SAC ¶¶ 1, 37).  Plaintiffs' putative class claims are vague, imprecise, and do not provide Twitter

10  with notice of the persons who would be members of the putative class or of the true breadth of

11  claims being made against it.  Nor do Plaintiffs provide any factual allegations at all related to the

12  requisite FRCP 23(a) factors.  Specifically, Plaintiffs do not allege that any common questions of

13  law and fact apply to each of these putative class members.  *Wal-Mart Stores, Inc. v. Dukes*, 564

14  U.S. 338 (2011) (holding that a viable class claim must depend on a "common contention" that is

15  "capable of class-wide resolution—which means that determination of its truth or falsity will

16  resolve an issue that is central to the validity of each one of the claims *in one stroke*.") (emphasis

17  added).  Additionally, Plaintiffs do not allege that their claims are typical of all putative class

18  members.  *See, e.g.*, *Chavez v. Wal-Mart Stores, Inc.*, 2014 WL 12591252, at *5 (C.D. Cal. June

19  2, 2014) (dismissing class claims because, among other reasons, plaintiff's claims were not

20  typical).  Plaintiffs also fail to allege adequacy of representation.  *See* FRCP 23(a).  Twitter does

21  not concede that Plaintiffs have met these factors and notes that that the failure to plead these

22  factors strongly supports dismissal under FRCP 12(b)(6).  Equally important, Plaintiffs fail to

23  allege which specific provision under Rule 23(b) they seek to satisfy, thus failing to provide any

24  explanation for why common questions should prevail over individualized inquiries.

25         It is axiomatic that failing to plead any class definition or any of the requisite elements

26  under FRCP 23(a) and 23(b) plainly fails to state a claim.  Plaintiffs should not be rewarded by

27  allowing these obviously deficient claims to survive this Motion.  Dismissal or striking the class

28  claims under FRCP 12(f) is clearly warranted here.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

TWITTER'S MOTION TO TRANSFER
OR PARTIALLY DISMISS
CASE NO. 3:22-CV-06857-JD

1   IV.   **CONCLUSION**

2          The Court should grant Twitter's Motion and transfer this action to the District Court of

3   Delaware.  In the alternative to transferring the action, this Court should grant the Motion to

4   Dismiss for improper venue pursuant to FRCP 12(b)(3).  In the event that the Court does not

5   transfer venue or dismiss as requested above and retains jurisdiction over all or some claims in

6   the litigation, the Court should dismiss Plaintiffs' claims identified above under FRCP 12(b)(6)

7   for failure to state a claim, and for all other relief in favor of Twitter that the Court finds

8   appropriate.

9   Dated: December 23, 2022              MORGAN, LEWIS & BOCKIUS LLP

10

11                                        By: */s/  Eric Meckley*
                                             Eric Meckley
                                             Brian D. Berry
12                                           Attorneys for Defendant
                                             Twitter, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO