MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Defendant
TWITTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EMMANUEL CORNET, JUSTINE DE CAIRES, GRAE KINDEL, ALEXIS CAMACHO, JESSICA PAN, EMILY KIM, MIGUEL BARRETO, AND BRETT MENZIES FOLKINS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No. 3:22-cv-06857-JD<br><br>**DEFENDANT TWITTER, INC.'S OPPOSITION TO JUDICIAL REFERRAL FOR PURPOSE OF DETERMINING RELATIONSHIP OF CASES** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TWITTER'S OPPOSITION RE: RELATING CASES
CASE NO. 3:22-CV-06857-JD

## I. INTRODUCTION

Pursuant to Civil Local Rule 3-12(e), Defendant Twitter, Inc. timely files this opposition to the Referral for Purpose of Determining Relationship issued by the Honorable Trina L. Thompson, the district judge assigned in the matter entitled *Francisco Rodriguez v. Twitter, Inc., et al.*, Case No. 3:22-cv-07222-TLT (*see Cornet* ECF No. 53; *Rodriguez* ECF No. 29).

The only commonality between *Emmanuel Cornet, et al. v. Twitter, Inc.* (Case No. 3:22-cv-06857-JD) ("*Cornet*") and *Francisco Rodriguez v. Twitter, Inc. and PRO Unlimited, Inc.* (Case No. 3:22-cv-07222-TLT) ("*Rodriguez*") is that Twitter is a named defendant in each lawsuit.[1] As described further *infra*, these cases do not satisfy the definition of "related cases" under Civil Local Rule 3-12(a). First, the *Cornet* and *Rodriguez* actions do not involve "substantially the same parties . . . transaction, or event." The claims alleged in *Cornet* and *Rodriguez* are substantively different and involve different putative classes (employees in *Cornet* vs. contract workers in *Rodriguez*). The claims in *Rodriguez* are alleged against an additional defendant (PRO Unlimited dba Magnit) that is not a defendant in *Cornet*. Second, conducting these cases before different Judges will not result in any duplication of labor and expense nor will it lead to any possible conflicting results. Because relating the cases will not serve any efficiencies for the parties or the Court, the Court should find that *Cornet* and *Rodriguez* are not "related cases".

## II. RELEVANT FACTUAL BACKGROUND

### A. *Emmanuel Cornet, et al. v. Twitter, Inc.*, Case No. 3:22-cv-06857-JD

As this Court is aware, on January 13, 2023, Plaintiffs Emmanuel Cornet, Justine de Caires, Grae Kindel, Alexis Camacho, and Jessica Pan were compelled to individual arbitration of their claims. *Cornet* ECF No. 52. The remaining Plaintiffs in the *Cornet* action are Emily Kim, Miguel Barreto, and Brett Menzies Folkins, all of whom are former Twitter employees that worked outside of California. *See Cornet, et al.* Second Amended Complaint ("SAC") ¶¶ 14-16. The SAC pleads claims for breach of contract; breach of contract (third-party beneficiary);

---

[1] In addition, Lichten & Liss-Riordan, P.C. is counsel of record for the Plaintiffs in both the *Cornet* and *Rodriguez* lawsuits.

1  promissory estoppel; violation of the federal WARN Act; violation of the California WARN Act;
2  failure to pay all wages and benefits immediately upon termination; and a claim for relief
3  pursuant to the Declaratory Judgment Act.  Currently pending before the Court in *Cornet* (and
4  scheduled to be heard on February 23, 2023) is Twitter's motion to transfer venue to Delaware
5  federal court and, in the alternative, motion to dismiss the claims of Kim, Barreto, and Folkins,
6  with the latter motion based, in part, on the allegations in the SAC which demonstrate that Kim,
7  Barreto, and Folkins each received advance notice of their terminations in full compliance with
8  applicable WARN Act notice requirements. As a result, the crux of the *Cornet* SAC is the breach
9  of contract claims; specifically, Plaintiffs allege that they and putative class members are entitled
10  to severance benefits and other employment benefits as third-party beneficiaries under the
11  Agreement and Plan of Merger between X Holdings I, Inc., X Holdings II, Inc., and Twitter (the
12  "Merger Agreement") and/or pursuant to promises allegedly made to them premised upon the
13  Merger Agreement.  SAC pp. 12-14, Counts I - III.

      **B.**    *Francisco Rodriguez v. Twitter, Inc. and PRO Unlimited, Inc.*, **Case No. 3:22-cv-07222-TLT**

16  Rodriguez is a former employee of PRO Unlimited, Inc. dba Magnit ("Magnit").
17  *Rodriguez* ECF No. 26-1 (Declaration of Rose Arruda), ¶ 7.  Magnit, a contract workforce
18  provider, employs workers and places them at client job sites to perform services.  *Id.*  Magnit is
19  responsible for onboarding its employees, including providing employees with an "Arbitration
20  Policy and Agreement" that Magnit drafted.  *Id.*  Twitter is a Magnit client.  *Id.* ¶ 2.  Magnit
21  placed Rodriguez at Twitter's Santa Monica, California office to provide services as a "Gaming
22  Partnership Coordinator" in November 2021.  *Rodriguez* Complaint ("Compl.") ¶ 1.
23  On or about November 14, 2022, Rodriguez stopped performing services at Twitter's job
24  site.  *Id.* ¶ 15.  Just a mere two days later, on November 16, 2022, Rodriguez filed a complaint
25  alleging putative class claims for: (1) violation of WARN Act (29 U.S.C. §§ 2101 *et seq.*); (2)
26  violation of the California WARN Act (Cal. Lab. Code §§ 1400 *et seq.*); and (3) failure to pay all
27  wages and benefits immediately upon termination (Cal. Lab. Code §§ 201, 203, 227.3).
28  *Rodriguez* ECF No. 1.  Although Rodriguez was a contract worker and not a Twitter employee,

Rodriguez alleges that Magnit and Twitter jointly employed him.  Compl. ¶¶ 2, 17.  Rodriguez alleges that Twitter's contract workforce is subject to the WARN Act notice requirements, and that Magnit (and Twitter) failed to provide contract workers with notice in advance of their work ending.  Compl. ¶¶ 16-17.  Rodriguez also alleges that contract workers were not provided full final pay, benefits, or expense reimbursement on their last day of employment.  Compl. ¶ 18.  The Complaint in *Rodriguez* does not include any allegations or claims for relief relating to severance benefits, nor are there any allegations relating to the Merger Agreement.

### III. LEGAL ARGUMENT

#### A. The *Cornet, et al.* and *Rodriguez* Actions Do Not Meet the Definition of "Related Cases" Set Forth in Civil Local Rule 3-12(a).

##### 1. The Actions Do Not Concern Substantially the Same Parties, Property, Transactions, or Events.

Civil Local Rule 3-12(a) states that "[a]n action is related to another when [t]he actions concern substantially the same parties, property, transaction, or event."  Here, the *Cornet* and *Rodriguez* actions do not involve "substantially the same parties, transaction or event."  The *Cornet* lawsuit was brought on behalf of a putative class of Twitter former employees.  SAC ¶ 17.  In contrast, the *Rodriguez* lawsuit was brought on behalf of a putative class of contract workers employed by Magnit who performed services at Twitter's offices.  Compl., p. 2, ¶ 2.  Plaintiffs' counsel clearly does not view these cases as "related" given that Plaintiffs' counsel filed two separate lawsuits and, in the months since these lawsuits began, have never filed any Administrative Motion to Consider Whether Cases Should be Related, as required by Northern District Civil Local Rule 3-12(b).

Although both lawsuits allege violations of the federal and California WARN Acts, such claims are alleged as to *different* putative classes, *i.e.*, the classes do not overlap.  In addition, the federal and California WARN Act claims in the *Cornet* lawsuit are effectively a red herring because, as the allegations in the SAC demonstrate and as articulated in the pending motion to dismiss, each of the remaining named Plaintiffs in *Cornet* received timely and compliant notice of their terminations (thus negating any WARN claims) and, in addition, none of them could bring a California WARN Act claim in any event because each of them reside in and worked in states

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

TWITTER'S OPPOSITION RE: RELATING CASES
CASE NO. 3:22-CV-06857-JD

1  outside of California.  SAC ¶¶ 14-16.  The primary claims in *Cornet* relate to alleged breach of

2  contract based upon the Merger Agreement.  In contrast, the *Rodriguez* lawsuit does not include

3  any claims for breach of contract or any entitlements under the Merger Agreement.  Also,

4  Plaintiff in the *Rodriguez* lawsuit, as a threshold matter, needs to prove joint employment and/or

5  misclassification to assert any WARN claims against Twitter – and the issue of joint employment

6  and/or misclassification does not exist in *Cornet*.

**2.      No Risk of Duplication of Labor and Expense or Conflicting Results Exists If the Cases Remain Before Different Judges.**

9  Civil Local Rule 3-12(b) states that "[a]n action is related to another when…[i]t appears

10 likely that there will be an unduly burdensome duplication of labor and expense or conflicting

11 results if the cases are conducted before different Judges."  Here, there is no such risk as the

12 *Cornet* and *Rodriguez* lawsuits involve different issues, the resolution of which will have

13 absolutely no bearing on one another.  For example, there are two different arbitration agreements

14 at issue in *Cornet* and *Rodriguez*.  Twitter drafted the agreement in *Cornet*, while Magnit drafted

15 the agreement signed by *Rodriguez* – the agreements include substantively different terms.  Thus,

16 while the *Cornet* motion to compel arbitration has been granted and all named *Cornet* plaintiffs

17 that are subject to the Twitter arbitration agreement have been compelled to arbitration, the

18 *Rodriguez* arbitration agreement, which has several provisions that differ from the *Cornet*

19 agreement, must still be adjudicated on its own merits. [2]

20 Also, Twitter filed a Motion to Transfer Venue and/or Motion to Dismiss in *Cornet* that is

21 currently pending.  The Motion to Transfer Venue is premised on the Plaintiffs' attempt to

22 enforce the terms of the Merger Agreement, which contains an express forum-selection provision

23 stating that the exclusive venue for any legal proceedings "aris[ing] out of or relating to" the

24 Merger Agreement shall be the courts of Delaware.  This issue is specific to the *Cornet* lawsuit,

25 as *Rodriguez* does not make any claims under the Merger Agreement.  Twitter alternatively

26 moved to dismiss the *Cornet* Plaintiffs' claims because (1) the face of the SAC clearly

---

[2] Twitter and Magnit each filed a motion to compel arbitration in *Rodriguez*.  Both motions are set to be heard on March 14, 2023.  Assuming Twitter and Magnit's motions are granted (and they should be), the *Rodriguez* lawsuit will no longer be pending in the Northern District.

demonstrates that they received timely and compliant notice of their terminations (*see* SAC ¶¶ 14-16) and (2) all of the Plaintiffs live and worked outside of California (*Id.*) and cannot bring claims pursuant to California law.  The same claims that are issue in *Rodriguez* will *not* be affected by the outcome of the *Cornet* Motion to Dismiss, regardless of whether it is granted or denied. Whether Twitter's employees received timely and compliant notice of their terminations has nothing to do with whether Magnit-employed contract workers received timely and compliant notice of the termination of their contracts.  The issue of the joint employment is unique to the *Rodriguez* lawsuit.  Any orders relating to Twitter's relationship with Magnit and/or its employees will not impact the *Cornet* lawsuit in any way, as Twitter is the only named defendant in *Cornet* and there are no allegations pertaining to an alleged joint employer relationship in *Cornet*.

## IV.   CONCLUSION

The *Cornet* and *Rodriguez* lawsuits are not "related" under the criteria established in Local Rule 3-12.  Relating the two cases will not serve any efficiencies, as both cases involve different facts and legal issues, and there is zero risk of conflicting rulings if the cases remain before the currently assigned Judges.

Dated: January 20, 2023                         MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Eric Meckley*
　　Eric Meckley
　　Brian D. Berry
　　Ashlee N. Cherry
　　Kassia Stephenson
　　Attorneys for Defendant
　　TWITTER, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

TWITTER'S OPPOSITION RE: RELATING CASES
CASE NO. 3:22-CV-06857-JD